## JAMES HUTCHERSON v. THE STATE.

*No. 331.   Decided January 27.*

1.  **Perjury—Evidence.**—On a trial for perjury, assigned upon evidence given at the trial of another case against defendant, where he had testified in his own behalf, after the prosecution had read in evidence the complaint, information, and evidence in said other trial, defendant offered to read the judgment acquitting him in that case, which was refused by the court.   *Held*, there was no error.   While the matters read by the prosecution were legitimate and admissible as inducement, it is not admissible to show by other evidence the guilt or innocence of defendant.

2.  **Same—Practice Suggested.**—On a trial for perjury committed on another trial, it would be the better practice to exclude the judgment of the former case from the jury passing on the question of perjury, and leave them free from bias or influence that may probably be engendered by the action of the jury in the first case.

3.  **Same—Evidence.**—On a trial for perjury, assigned upon testimony as a witness in another trial, it is necessary to prove only so much of the testimony of the defendant in the other trial as relates to the particular fact on which the perjury is assigned, and it is no longer required that a witness should be able to state even substantially the entire testimony given by the defendant.

4.  **Same—Assignment—Proof of.**—While the matter set out in an assignment for perjury must be substantially proved, the exact words need not be.

5.  **Same.**—On a trial for perjury, where the perjury was assigned upon the fact that defendant had testified he did not strike a woman upon whom he was charged to have committed an aggravated assault, evidence that defendant may have acted in self-defense in striking the woman would be no excuse for his swearing falsely about it, and the court did not err in excluding such evidence.

APPEAL from the District Court of Falls.    Tried below before Hon.
S. R. SCOTT.

This appeal is from a conviction for perjury, the punishment being
assessed at five years' imprisonment in the penitentiary.

The evidence shows that appellant was tried in the County Court
upon a complaint and information charging him with aggravated
assault upon the person of one Ella Sanders, by striking her with his
fist, he, the said James Hutcherson, being then and there an adult
male person, and the said Ella Sanders being then and there a female
person.    On the trial of this case, for aggravated assault, defendant
testified as a witness in his own behalf in the County Court, and he
swore that he did not hit the said Ella Sanders at the time of the
difficulty between them, and upon which the prosecution for aggra-
vated assault was based.    He was indicted for perjury, and the per-
jury was assigned upon the fact that he had sworn falsely in the
County Court, in his statement as a witness, that he did not hit the
said Ella Sanders.    The evidence on the case for perjury, which is the
case in hand, is substantially as follows :

R. E. L. Tomlinson testified, that he was county clerk, and as such
was present and administered the oath to the defendant and other
witnesses at the time defendant was tried for the aggravated assault;
and the defendant testified that he did not hit Ella Sanders, as charged
in the information.    This witness stated that "he could not repeat *all*
that defendant said upon the trial, but that he could give what defend-
ant said substantially.    That defendant may have stated that he hit *at*
Ella Sanders and failed to strike her, and witness would not say that
he did not so state."

William Shelton testified :    "I am county judge of Falls County,
and presided at the trial of James Hutcherson for aggravated assault
on Ella Sanders.    Defendant was sworn and testified in his own be-
half.    I heard his testimony on said trial.    Can not repeat the sub-
stance, but remember that he testified, very positively, that he did not
strike the said Ella Sanders.    I remember this portion of his testi-
mony, for the reason that it was so different from that of all the other
witnesses.    The testimony of the defendant that he did not strike
Ella Sanders is all that I can remember of his testimony.    He testified
to a great many other matters, none of which I can now remember."

Ella Sanders testified :    "On the night of the 29th day of January,
1893, I was at a show in the tent on the north side of the public square.
Defendant was there; had a toy pistol, and was teasing Billy Battle, an
old foolish negro, with it.    I told him to stop; he asked me what I had
to do with it?    I told him the old man was kin to me.    He then came
up, stuck the toy pistol in my face, and talked in my face.    I took the
pistol from him and threw it in the street; and he talked in my face,
and I shoved him back, and he fell over some ropes to the tent.    Levi

Myers then caught him, and scuffled with him awhile, and defendant run from behind Levi, and he struck me once in the face. I was, at the time, making no attempt to strike him. After he struck me, I struck him, and knocked him over the rope, and fell down on him; and my mother came up and struck him several times with some picket palings that were wired together."

Marcus Canterbury, for State: "Was deputy sheriff; saw the difficulty; saw defendant run behind some one, could not tell who; he ran to where Ella Sanders was, and struck at her;" that the witness could not tell whether he hit her or not. "When defendant struck at her she was standing still, making no attempt to strike defendant."

M. F. Stallworth, Jr.: "Saw the difficulty. Saw defendant run from behind Levi Myers, and strike Ella Sanders, who was standing, making no attempt to strike defendant. Could see the lick, but could not say where it struck, except that it was about her face, head, or shoulders."

Levi Myers testified, that he caught defendant and tried to shove him back from Ella Sanders., "We scuffled awhile, then he run around me to where Ella Sanders was, and struck at Ella Sanders; can not say whether he struck her or not. She then struck him and knocked him over the ropes and jumped on him; and her mother came up, with palings wired together, and struck defendant several times. Ella Sanders and her mother are stout women, and defendant is a medium-sized man. When defendant struck, or struck at, Ella Sanders, she was standing still and making no attempt to get to or strike defendant, so far as I could see."

Warren White testified substantially as did the other witnesses with regard to the difficulty. He said: "If defendant struck Ella Sanders I did not see it."

N. B. McKinney, H. G. Rush, and T. O. Massengale testified, that they were jurors on the trial of defendant in the County Court, for aggravated assault. Remember that defendant testified, "that he did not strike Ella Sanders;" he may have said that "he struck at her." They did not remember whether he did or not.

Defendant, testifying as a witness in his own behalf, agreed with the other witnesses as to the main circumstances of the difficulty, and said: "Levi Myers caught me, and I ran around him, on the other side, trying to get to Ella, and I struck at her. but failed to hit her. I swore in the County Court on the trial of myself for aggravated assault on Ella Sanders the same, in substance, as I have in this cause. I remember testifying there that I struck at Ella Sanders, but did not hit her. I know that I did not hit her, but only struck at her, and missed her."

The State introduced in evidence the complaint and information for aggravated assault upon which defendant had been tried in the County

Court.   Defendant proposed to introduce the judgment in the County
Court, showing that at his trial he had been acquitted for the aggra-
vated assault and battery.   On objection, the court refused to permit
the introduction of this judgment as evidence in the case.

*Rice & Bartlett*, for appellant.—1.   The court erred in refusing to
allow the defendant to read in evidence the judgment of acquittal in
the County Court, the State having introduced in evidence the affidavit
and information charging this defendant with an assault upon Ella
Sanders.

When the State introduces in evidence any part of a judicial pro-
ceeding, the defendant has the right to give in evidence any other part
or the whole of said proceeding; and especially is this true where the
court fails to restrict and limit the purpose of that part admitted in
its charge to the jury.   Early's case, 9 Texas Crim. App., 476; Mas-
sey's case, 1 Texas Crim. App., 563; Sager's case, 11 Texas Crim.
App., 110; Harrison v. The State, 20 Texas Crim. App., 387; Code
Crim. Proc., art. 751.

The State having introduced the affidavit and information filed in
the County Court, the defendant had the perfect right to introduce the
judgment of acquittal also, it being part of the same proceeding.   It
is statutory, that "when part of an act, declaration, etc., is given in
evidence by one party, the whole on the same subject may be inquired
into by the other party."   This is a familiar principle, and it is be-
lieved to be the law with reference to admissions of parts of a judicial
proceeding.   A part can not be understood, and in fact will be mis-
leading without a knowledge of the whole.   We are aware that the
State can introduce the affidavit and information for the purpose of
showing a judicial proceeding then pending, and the judgment offered
would have also shown this fact, and besides would have placed the
defendant in his true light and relieved the evidence—unexplained as
it was—of any prejudicial effect as to this defendant.   Can the State
arbitrarily introduce those parts of a proceeding that will tend to in-
jure and prejudice the rights of defendant, and the defendant be re-
fused and denied the right of modifying its effect by the introduction
of another part of the same proceeding?   It will be remembered that
the court refused to limit and restrict the purpose for which said in-
formation and affidavit were introduced in evidence in the charge to
the jury, and they were therefore at liberty to consider it for any pur-
pose; and its very natural effect was to prejudice the defendant's case.

2.   The court erred in allowing William Shelton, county judge of
Falls County, to testify, over defendant's objection, that all he could
remember of defendant's testimony in the County Court when on trial
for an assault upon Ella Sanders, was that he stated that he did not
strike Ella Sanders, said Shelton having testified on his voir dire ex-

amination that he could not in substance repeat the testimony of defendant upon the trial, but only remembered that one fact.

It is error to admit the testimony of a witness who fails to first qualify himself; and a witness who, on his voir dire examination, states that he can not even repeat the substance of the testimony sought to be reproduced, is incompetent to testify as to particular portions of such evidence.

The witness Shelton stated on his voir dire examination that he could not pretend to repeat even the substance of defendant's testimony upon said trial, but only remembered that defendant testified that he did not strike Ella Sanders upon the occasion in question. The witness further stated that the defendant testified to a great many other things about the trouble between himself and Ella Sanders, and a great deal about what occurred at the time of the alleged assault by him upon said Ella Sanders, none of which he could repeat. Sims' case, 10 Texas Crim. App., 132; Avery v. The State, 10 Texas Crim. App., 212; Dunlap v. The State, 9 Texas Crim. App., 179; 1 Greenl. on Ev., sec. 165 ; Rapalje Crim. Proc., sec. 278; Whart. Crim. Ev., sec. 231, and note 4.

3. The court erred in refusing to allow the defendant to show by the witnesses for the State, on cross-examination, that the alleged assault upon Ella Sanders was done in self-defense.

4. A false statement immaterial to the matter in respect to which the declaration is made is not perjury. Penal Code, art. 193; Washington v. The State, 22 Texas Crim. App., 26; Bradberry's case, 7 Texas Crim. App., 375; Agar v. The State, 29 Texas Crim. App., 605.

We submit, that if the defendant was justified in the County Court in striking Ella Sanders, then it became absolutely immaterial whether he struck her or not, and therefore the perjury assigned is based upon an immaterial matter. The object of the law seems to be to visit upon those who defeat the ends of public justice by false swearing this penalty, and it matters not how false a person may be in regard to immaterial matters. The remark of the court therefore was not only not the law, but was calculated to prejudice the jury against the defendant. It amounted, under the circumstances, to an emphatic declaration from the court that the defendant was guilty. It was in contemplation of just such a case as this that the lawmakers wisely provided that the trial judge should carefully abstain from commenting on the evidence, and not by his conduct or his ruling convey to the jury his own idea as to the guilt or innocence of the defendant.

5. The court erred in failing to give article 189 of the Penal Code in charge to the jury, to wit : " A false statement made through inadvertence, or under agitation or mistake, is not perjury. Davidson's case, 22 Texas Crim. App., 372; Lyle v. The State, 31 Texas Crim.

Rep., 103; Sisk v. The State, 28 Texas Crim. App., 435; Browns' case, 9 Texas Crim. App., 171.

The court erred in refusing to grant the defendant a new trial, because the verdict of the jury is contrary to the evidence and against the law—against the evidence, in that only one witness for the State outside of the prosecutrix testified that the defendant hit or struck the said Ella Sanders, whereas the other witnesses for the State who were present at the time testified that they saw the defendant strike at Ella Sanders, but could not and did not see him strike her; and the witnesses for the defendant also testified to these facts. It is contrary to law, in that if the defendant swore falsely in the County Court as to striking and hitting Ella Sanders, the same was not perjury because based upon an immaterial issue.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of perjury, and his punishment fixed at five years in the penitentiary, from which he appeals. On the night of the 29th of January, A. D. 1893, a difficulty occurring between appellant and one Ella Sanders near a show tent in the town of Marlin, a bystander, Levi Myers, interposed in defense of Ella, and, after scuffling sometime, appellant broke away, and, rushing upon Ella, struck her. She thereupon promptly knocked him down, and, falling upon him, began beating him. Her mother also took part in the affray, beating him with some palings. A general melee ensued, when the parties were separated. The parties were all negroes; the appellant, a medium-sized negro. The two women were unusually large and stout. Appellant was arrested on the charge of an aggravated assault and battery on Ella Sanders, by striking her with his fist. Upon trial he took the stand in his own behalf, and swore he did not strike her. He was indicted in this cause for perjury, and on trial the only assignment of perjury submitted to the jury was, Did the defendant so testify, and was the statement falsely, willfully, and deliberately made?

1. Appellant claims the court erred in ruling out the judgment of acquittal rendered in the case in which the perjury is alleged to have been committed. The State introduced the complaint, information, the evidence of the trial, and the testimony of appellant given under oath. The appellant then offered the judgment of acquittal, which was excluded by the court, and he excepted. There was no error. While it has been held that such evidence is admissible as inducement (Davidson v. The State, 22 Texas Crim. App., 373; Kitchen v. The State, 26 Texas Crim. App., 172), yet it is not admissible to show the guilt or innocence of a defendant; and, where it is admitted, the failure of the court to limit it by its charge and instruct the jury that

it can not be considered as proof of guilt, is a good ground for a new trial. 26 Texas Crim. App., 172. If it can not be considered as bearing upon the guilt or innocence of the defendant, it is not perceived where the materiality of such testimony can be. Perjury can be committed in a case where there was a mistrial; and the organization, jurisdiction of the court, and pendency of the proceedings may be shown without the judgment. It would certainly be the better plan to exclude the judgment of former case from the jury passing on the question of perjury, and leave them free from bias or influence that may probably be engendered by the action of a jury in the first case. Article 751 of Code of Criminal Procedure has no application to this question.

2. Appellant complains that the court erred in permitting the county judge to state a part of appellant's testimony given in his trial for an aggravated assault without qualifying himself as a witness, because before he could testify to any fact stated he must be able to repeat substantially the entire testimony as given by appellant.

While this doctrine is supported by some old authorities (Rex v. Jones, and Rex v. Dowlin, Peake, 37, 170), it is now held to be necessary to prove only so much of the testimony of the defendant as relates to the particular fact on which the perjury is assigned. United States v. Erskine, 4 Cranch C. C., 299; Willson's Crim. Stats., sec. 306. Perjury may be assigned on such portions of the testimony as was directly or indirectly material to the issue, and the proof of any one assignment would sustain the conviction. Beach's case, 32 Texas Crim. Rep., 240. While the matter set out in the assignment must be substantially proven, the exact words need not be. Taylor's case, 48 Ala., 157.

In the case at bar the county judge testified, that "while he could not repeat the substance of appellant's testimony, he remembers that appellant testified very positively he did not strike Ella Sanders on the 29th of January, A. D. 1893, and he remembers this part of the testimony because it was so different from all the other witnesses." We do not think the court erred in admitting this testimony.

3. In the ninth assignment of error, appellant insists that as the evidence shows that at the time he struck Ella Sanders the said Ella and her mother were making a violent attack on him, he struck in self-defense, and it was wholly immaterial that he swore falsely about striking the said Ella. The record does not show any such facts. On the contrary it shows that when appellant ran from behind Levi and struck Ella she was doing nothing. But, conceding the facts to be as stated by appellant, we can not understand how the justice of any quarrel can excuse one in swearing falsely about it, especially where, as in the case at bar, the false statement bore directly on the issue before the jury, which was, whether appellant had committed an ag-

gravated assault and *battery* upon Ella Sanders.    The court correctly held that the perjury was assigned on material matter.

4. We find no error in the charge.

There is sufficient testimony to sustain the verdict, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.