THE STATE OF KANSAS v. JOHN C. WILLIAMS.

No. 11417,

1. PERJURY— *Immaterial Averments.* The fact that an information charging perjury contains some statements on which perjury is assigned that are immaterial is not a fatal defect.

2. ——— *Effect of Acquittal in Previous Action.* · In a prosecution for perjury the judgment of acquittal in the cause in which the perjury was committed is not admissible to prove the defendant's innocence, nor is it necessarily a bar to a prosecution for perjury.

3. ——— *Averment of Authority of Officer Administering the Oath.* Strictness of proof is required in all matters which constitute the essence of a public offense, but such proof is not required as to immaterial averments and those which are not descriptive of the offense; and *held*, that, whether the officer before whom the oath was administered on which perjury was assigned, and who was alleged to have authority, was elected or appointed, is not an essential feature of the offense, and a variance between the information and proof with respect thereto is not material.

Appeal from Saline district court; R. F. THOMPSON, judge. Opinion filed October 7, 1899. Affirmed.

*A. A. Godard,* attorney-general, and *Charles W. Burch,* county attorney, for The State.

*Mohler & Hiller, Bond & Osborn,* and *David Ritchie,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: This is a prosecution for perjury, in which John C. Williams is charged with swearing falsely in a proceeding wherein the city of Salina was plaintiff and Williams was defendant, on a charge of unlawfully assaulting and beating another and of disturbing the peace and quiet of the city. It is alleged that it became material to prove in the proceeding before the police court whether, at the time of the commission of the offense charged against Williams, he struck J. C. Stevens with a pistol, and whether the said Williams had a pistol in his hand and in his pocket and on his person at the time of the alleged assault. Williams is then charged with falsely swearing and testifying in that case " that he, the said John C. Williams, did not, at the time of the commission of the offenses charged in said complaint, strike the said J. C. Stevens with a pistol, and that he, the said John C. Williams, did· not, at any time during the day of February 23, 1899, have a pistol in his hand or in his pocket or on his person," whereas in truth and in fact Williams at the time did have a pistol in his hand and in his pocket and· on his person, and did strike Stevens therewith, thereby committing, as alleged, wilful, felonious and corrupt perjury. Although the sufficiency of the information is challenged, it appears to

us to state an offense, and with a sufficient degree of certainty. The statements on which perjury are assigned are alleged and appear to be material, and even if some of the statements were immaterial, it would not vitiate the information.

An application for a change of venue was properly overruled, and we discover no error in the denial of the defendant's application for a continuance of the trial of the cause.

In opening the case to the jury, the county attorney stated that, while Williams was convicted in the police court, he took an appeal to the district court, where he was finally acquitted of the charge of assault and battery before a jury, and that the district court held in that case that the testimony was insufficient to sustain the charge of disturbing the peace. After the statement was made, the defendant moved for a discharge, claiming that the acquittal mentioned was in effect an adjudication of the truthfulness of the testimony, and that he could not afterward be put upon trial for perjury. The motion was denied, and counsel referred to a ruling of the United States district court for the district of Michigan as an authority against the refusal of the motion. (*United States v. Butler*, 38 Fed. 498.) In that case the defendant, who had been acquitted upon a charge of selling liquor without the payment of the special tax required by law, was prosecuted for perjury for swearing that he did not sell the liquor, and it was held that his acquittal of selling liquor was an adjudication in his favor on the subsequent trial for perjury, and that the government could not show that his sworn statement was false. It will be observed, however, that the issues there were more nearly identical than in the present case. The defendant swore that he did not sell liquor, and the finding of the jury was that he did not sell it. So

it was held that a person could not be convicted of
perjury in swearing to a state of facts which a
jury in another case against him had found to be
true.   Even in that case it was said that if the de-
fendant had sworn that he had paid his tax and had
been acquitted by the jury upon the ground that he
did not sell the liqnor, the issue would have been dif-
ferent.   So here the defendant may have had a pistol
in his hand or on his person at the time of the alleged
assault without being guilty of the offense charged
against him in the police court, and he may even
have struck Stevens with the pistol and still have
been acquitted on the ground that it was necessary
for his own defense ; and therefore there is not the
identity of issues that there was in the Butler case.
The decision in that case, however, does not meet
with approval in the courts of last resort.   In
*State v. Caywood*, 96 Iowa, 373, 65 N. W. 385, the
supreme court of Iowa held " that a judgment of ac-
quittal rendered in the case in which the alleged per-
jury was committed was not admissible on a trial for
perjury to show the guilt or innocence of the defend-
ant."   In *Hutchinson v. The State*, 33 Tex. Crim. 67,
24 S. W. 908, an appellant was arrested on a charge
of an aggravated assault and battery by striking
another with his fist.   On the trial he took the
stand in his own favor and swore that he did not
strike her.   Although acquitted of that charge, he
was indicted for perjury, and it was held that the
judgment of acquittal was not admissible to show
the guilt or innocence of the defendant of the charge
of perjury.   See also *Kitchen v. The State*, 26 Tex.
App. 165, 9 S. W. 461; Underhill's Criminal Evi-
dence, 469, note 5.   No error was committed in deny-
ing the motion.

In the information it was alleged that the perjury

was committed in an action pending before "T. B. Chapman, who was then and there the duly elected, qualified and acting police judge of the city of Salina." It also contained an averment that he was an officer having competent jurisdiction to hear and try the case. The proof, when offered, showed that Chapman was appointed by the city council to fill a vacancy, and in the manner authorized by statute. It is claimed that an allegation of an election is descriptive and must be proved strictly as alleged, and that the variance in the case is reversible error. In the popular sense an election is a choice which several persons collectively make of a person to fill an office or position, while an appointment is a choice for such office or position by some single officer or person. As the selection in this case was made by the several members of the city council, it is argued that it is not inappropriate to say that Chapman was elected. The language of the statute, however, furnishes grounds for the claim that there is a distinction between a choice of the police judge by the electors and a choice by the council, wherein the first is spoken of as an election and the second as an appointment. (Gen. Stat. 1889, ¶ ¶ 769, 842 ; Gen. Stat. 1897, ch. 37, §§ 18, 99.) Assuming that there is a substantial distinction, we are well satisfied that the variance in this case is an immaterial one. While it is necessary to describe the officer who administered the oath, the commission of the officer or the means by which authority was conferred on him is not an essential feature of the offense charged. It is enough to allege and show that the officer had the authority or the tribunal had the jurisdiction exercised by either. Strictness of proof is required in all matters which constitute the essence of the offense, but such proof is not required as to im-

material averments and those which are not descriptive of the offense. The principal element of perjury is the false swearing, and whether the police judge of Salina, who was alleged to have authority, was appointed or elected could not affect the truth or falsity of the sworn statements of the defendant. (16 Encycl. Pl. & Pr. 325.) For the same reasons the admission of the official bond of the police judge, which contained a recital that he was elected to the office, was without prejudice to the defendant.

There is nothing substantial in the objection that the proceedings in the police court were improperly received in evidence. It is evident that the record in the former case was received in this to show the issues therein presented and the proceedings had, and the jury were instructed that they could not consider the record as proving or tending to prove that Williams testified falsely upon the trial in the police court.

The other objections are not deemed to be material nor to require special comment. The judgment of the district court will be affirmed.