## THE STATE v. CARY.

[No. 19,791. Filed November 25, 1902.]

PERJURY.—*In Answer to Impeaching Question.*—Where a defendant on trial for a crime testified falsely in answer to an impeaching question, he was guilty of perjury, even though the question as asked was one which, under the law, he could not have been compelled to answer. *pp. 506, 507.*

SAME.—*Information.*—*Acquittal.*—An information charging defendant with perjury while testifying as a witness in his own behalf on trial for a crime will not be quashed on the ground that defendant's acquittal at such trial showed that the testimony he gave was true. *pp. 507, 508.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

William Cary was prosecuted for perjury. From a judgment sustaining a motion to quash the affidavit and information, the State appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley, C. W. Watkins, H. C. Morgan* and *W. A. Mitchell,* for State.

*J. B. Kenner, U. S. Lesh* and *Eben Lesh,* for appellee.

JORDAN, J.—Appellee was prosecuted by affidavit and information on the charge of having committed the crime of perjury. On his motion the court quashed the first, second, and fourth counts of the information, and the first, second, and fourth paragraphs of the affidavit upon which the information was based. The third count of the information was dismissed by the State, and the defendant was therefore discharged by the court from further prosecution under the affidavit and information. The State reserved exceptions to these rulings of the court, and assigns errors thereon in this appeal. The substance of the charge, as embraced in the affidavit and information, is to the effect that appellee at a former term of the Huntington Circuit Court had been tried on a charge of having committed an assault and battery with the intent to commit a rape on the person of one Fannie Cupples. On the trial of said cause it appears that said accused after taking the oath required by law became a witness before the court and jury in his own behalf, and it then and there became and was material to the point in question whether he had committed an assault and battery on said Fannie Cupples. It is shown that appellee when testifying in his own behalf made statements whereby he denied that he had committed the assault and battery in controversy upon said Cupples, and for the purpose of contradicting or impeaching him as a witness in this respect it became and was material to inquire of him as such witness, on cross-examination, in regard to certain admissions or declarations made by him to one Tumbleson relative to a certain rude touching or handling by him (appellee) of the person of said Fannie Cupples at the time of the commission of the alleged offense. The question propounded to him on the cross-examination and his answer thereto denying the matter

or statements embraced therein are all set out in the information and affidavit. The evidence which the State sought to elicit by the question propounded appears to have been material for the purpose of contradicting or impeaching the statements of the accused which he made on his direct examination as a witness, to the effect that he had not perpetrated the assault on the injured party as charged. The inquiry in relation to these admissions and declarations was intended, it appears, to call forth evidence, not for the purpose of proving the assault in question, but solely for the purpose of laying the foundation for impeaching the accused as a witness by showing that the statements or declarations which he had made out of court contradicted those which he made upon the witness-stand. The perjury in question is assigned on his denial that he made the declarations in dispute.

The State's contention is that the affidavit and information are in all respects sufficient, and that appellee's objections thereto are wholly untenable. In this insistence we concur. While the pleadings in controversy can not be said to be models in their character, still by the facts therein averred they sufficiently charge the offense of perjury. One of the objections urged on the part of appellee against these pleadings is that, by reason of the fact that he is charged to have testified falsely in response to a question propounded to him on cross-examination for the purpose of impeaching him as a witness, it is contended that he can not be held to have committed perjury thereby unless it is shown that the time and place was fixed when and where he made the declarations to Tumbleson. There is certainly no merit in this contention. Appellee was the defendant in the case in which it is alleged he committed the perjury, and his declarations tending to prove the offense for which he was accused might have been introduced by the State as evidence against him in chief. Nevertheless, in the event he became a witness in his own behalf, and, by the evidence which he gave, denied

that he had committed the assault and battery in question, the State, on laying the proper foundation on cross-examination might have introduced the declarations in question, without giving them in chief, for the purpose of impeaching him or affecting his credit, as they were inconsistent with the evidence which he gave as a witness in respect to the matter in issue.  Of course, by reason of a well settled rule, he would not have been required to answer the question unless the person was mentioned to whom or in whose presence the alleged statements or declarations had been made by him; and the State would also have been required, as near as could be done under the circumstances in the particular case, to fix the time when, and the place where, they had been made by the witness.  The rule, however, in such cases, requiring the time and place to be fixed, is for the benefit of the witness, and ordinarily he can not be compelled to answer the impeaching question unless the time and place are fixed.  Still if he does respond without exacting this right, and thereby wilfully and corruptly answers falsely, it surely could not be claimed that he was not guilty of perjury.  So in this case, if the testimony which appellee gave in answer to the inquiry about the material statements which were claimed he had made outside of court, was wilfully false, he was no less guilty of perjury by reason of the fact that the time and place where he made the alleged declarations were not mentioned in the interrogation.

The authorities fully affirm that while a matter which only goes to affect the credit of a witness who has testified on a trial of a cause, is collateral to the principal issue therein, nevertheless it is perjury for one to swear falsely to anything materially affecting the credibility of a witness.  2 Bishop, Crim. Law (8th ed.), §§1032, 1038.

It is further asserted by counsel for appellee that it appears that he was acquitted by the jury of the charge preferred against him in the case wherein the perjury is assigned, and hence the information was properly quashed

for the reason that his acquittal discloses the fact that the testimony which he gave and upon which the perjury is predicated, was true instead of false. This certainly is a novel contention. The acquittal of the appellee in that case affords no ground for the contention that he did not commit the crime of perjury charged in the information and affidavit.

We conclude that the lower court erred in sustaining the motion to quash the information and affidavit, for which error the judgment is reversed, and the cause remanded, with instructions to the court to overrule said motion.