THE STATE OF KANSAS V. CHARLES BEVILL.

No. 16,073.    (100 Pac. 476.)

SYLLABUS BY THE COURT.

1. PERJURY—*Evidence.*  In a prosecution for perjury the judgment of acquittal in the cause in which the perjury was committed is not admissible to prove the defendant's innocence. (*The State v. Williams,* 60 Kan. 837, syllabus, 58 Pac. 476.)

2. ———— *Plea in Bar.*  A party can not, after securing an acquittal by perjury, successfully plead such acquittal in bar of a prosecution for the perjury so committed.

Appeal from Cowley district court; CARROLL L. SWARTS, judge.  Opinion filed February 6, 1909.  Affirmed.

*Fred S. Jackson,* attorney-general, and *Ed J. Fleming,* county attorney, for The State.

*C. T. Atkinson,* for appellant.

The opinion of the court was delivered by

BENSON, J.:  The defendant was convicted of perjury in giving testimony on the trial of an action against him for illegal fishing.  He pleaded the acquittal upon the former charge in bar of the prosecution for perjury.  The plea was overruled, and this is the ruling complained of.  Counsel for appellant states the question presented thus:

"Can a defendant charged with illegal fishing and acquitted by a jury on his own testimony and that of others afterward be prosecuted for perjury alleged to have been committed by him on the first trial by which his acquittal was secured?"

The perjury alleged in the information was in testifying to various collateral matters material to the issue then presented; among others, that the defendant "did not place any of the hoop nets in said Walnut river, that they [he] did not on the morning of August:

raise a hoop net from the said river, and did not take any fish from any hoop nets in said river."

In *United States v. Butler,* 38 Fed. 498, and *Cooper v. Commonwealth,* 106 Ky. 909, 51 S. W..789, 59 S. W. 524, 45 L. R. A. 216, 90 Am. St. Rep. 275, where there was an identity between the charge made on the former trial and the facts denied in the testimony given, pleas of former acquittal were sustained. Here the circumstances related in the false testimony were collateral to the charge, and not a denial of the charge itself, and the case falls within the decision in *The State v. Williams,* 60 Kan. 837, 58 Pac. 476, where the distinction is shown between cases where the testimony given and the issues tried were identical and a case where the false testimony relates to merely collateral facts.

We do not, however, wish to be understood as holding that if there had been an identity of his testimony with the precise charge, that is, if he had sworn that he did not take fish illegally or that he did not take fish at all, as charged, that the plea would have been a bar. As stated in the Williams case, the doctrine of the decisions holding that a person could not be convicted of perjury in swearing to a state of facts which a jury in another case had found to be true is repudiated in other courts, in opinions there cited. A party can not, after securing an acquittal by perjury, successfully plead such acquittal in bar of a prosecution for the perjury so committed. His immunity from punishment for crime must not be made to depend on the accomplishment of his purpose in committing it.

"The general proposition that one can escape punishment for perjury, because he succeeded in inducing a jury to credit his false testimony, is supported neither by authority nor by reason. If he could, then it is true . . . that the law encourages parties, particularly respondents in criminal cases, to perjure themselves." (*People v. Albers,* 137 Mich. 678, 683, 100 N. W. 908.)

The judgment is affirmed.