# STATE v. ALBERT G. SMITH.[1]

July 26, 1912.

Nos. 17,649—(7).

**Indictment for perjury — objections overruled.**

Objections to an indictment for perjury as being indefinite, uncertain, and insufficient to inform the defendant of the crime with which he is charged, considered and overruled.

[1] Reported in 137 N. W. 295.

**Evidence of attempt to commit crime competent.**

On a prosecution for a crime, testimony tending to prove an attempt to commit such crime is competent and material, and may, if false, constitute the predicate for a subsequent charge of perjury.

**Subsequent prosecution for perjury.**

The fact, therefore, that the corpus delicti of the crime charged is not established will not preclude a subsequent prosecution for perjury predicated upon false denials of a prior confession or admission of the crime charged.

**Same — based on testimony at prior prosecution.**

An acquittal upon a prosecution for a crime is not a bar to a subsequent prosecution for perjury predicated upon testimony given upon such former prosecution, unless a conviction of the charge of perjury would necessarily import a contradiction of the jury's verdict upon the former trial.

**Assignments of error.**

Certain assignments of error considered and disposed of.

Defendant was indicted by the grand jury of Hennepin county and convicted of the crime of perjury in the district court for that county. From a judgment, Booth J., sentencing him to hard labor in the state prison until discharged by due course of law or by competent authority, defendant appealed. Affirmed.

*A. C. Middlestadt,* for appellant.

*Lyndon A. Smith,* Attorney General, *James Robertson,* County Attorney, and *Erland Lind,* Assistant County Attorney, for the State.

PHILIP E. BROWN, J.

On September 26, 1911, the grand jury of Hennepin county returned an indictment charging the defendant with the commission of the offense of arson in the second degree by wilfully, in the nighttime, on September 22, 1911, setting fire to and burning a certain described shed situated in the said county. The defendant, on his arraignment, entered a plea of not guilty, and thereafter, on October 10, 1911, he was tried on this indictment by a jury. On the trial the state offered evidence tending to show, in substance and among other facts, (a) that on September 22, 1911, the defendant was at or near the shed which he was charged in the indictment with burn-

ing, and that one Taylor saw him there; (b) that on September 25, 1911, the defendant, when being arraigned in the municipal court of Minneapolis on a complaint charging him with the commission of the same criminal acts which were alleged in the subsequent indictment, admitted that he had committed the acts charged in such complaint; (c) that on September 23, 1911, the defendant admitted to one Mealey and others named that he had, on the evening of September 22, 1911, set the fire in the shed; (d) that one Kixmoeller, on the same day, made stenographic notes of the defendant's statements, just recited, in a book, to which notes the defendant signed his name.

The court charged the jury on the trial of the said indictment in effect that the evidence on the part of the state was insufficient to justify a finding that any part of the shed was burned, or to sustain a verdict of guilty of arson in the second degree, but that, under the evidence, they might find the defendant guilty of an attempt to commit the offense charged in the indictment. The jury returned a verdict of not guilty.

Thereafter the defendant was charged, by indictment in the same county, with perjury, alleged to have been committed on the trial upon the said indictment for arson; the assignments of perjury being predicated upon the defendant's denials, made on the trial of the indictment for arson, wherein he denied the matters above set out in subdivisions marked (a) to (d) inclusive. The defendant was tried by a jury on the perjury indictment, and was convicted and sentenced. This is an appeal from the judgment. For convenience we will hereafter sometimes designate the trial for arson as the first trial and the trial for perjury as the second trial.

1. The defendant claims that the indictment for perjury is indefinite and uncertain, and does not disclose the facts necessary to inform him of what crime he is charged with having committed; and, furthermore, that the indictment does not state that the defendant has committed any public offense. The indictment covers more than nine pages of the paper book, and hence is too long to set out herein. It has been examined, however, with care, and, in the absence of any assignment of the particular respects in which it is claimed to be in-

definite and insufficient, we hold that the objections cannot be sustained.

2. The issues in this case are involved in the question: Did the·defendant wilfully testify falsely on the arson trial concerning material facts as charged in the indictment in the instant case?

The first question, then, in examining this record for the purpose of ascertaining whether any of the errors assigned were committed, is: What were the issues on the first trial?

Second: What was the testimony of the defendant thereon concerning the material facts? And

Third: Did the defendant wilfully testify falsely as to those material facts as charged in the indictment in the instant case? ·

One issue on the face of the indictment on the first trial was: Did the defendant wilfully set the shed on fire as charged? But this was not the only issue; for our statute (R. L. 1905, § 4771) provides that "an act done with intent to commit a crime and tending, but failing, to accomplish it, is an attempt to commit that crime." Otherwise defined, an attempt to commit a crime is an attempt to do the act constituting the crime, coupled with the doing of an act or acts tending to consummate such intention, but ineffectual as a matter of fact (State v. Miller, 103 Minn. 24, 114 N. W. 88); and section 4757 provides that upon the trial of an indictment the defendant may be convicted, among other things, of an attempt to commit the crime charged, or of a lesser degree thereof. The effect of these statutes is to render always admissible any evidence tending merely to show an attempt to commit the crime charged in the indictment; such evidence being material and competent for the reason that the ultimate issue to be determined by the jury may be simply as to whether the defendant attempted to commit the crime charged, and this is exactly what occurred in the instant case. That the defendant wilfully testified falsely on the first trial, as charged in the perjury indictment, was established, we think, beyond reasonable doubt in the instant case; and that such testimony concerned the material facts in issue under the indictment and the defendant's plea thereto in the first trial is likewise clear as a matter of law. We must hold, then, that, in the absence of errors of law occurring

on the trial of the charge of perjury, the defendant was properly convicted of such charge.

3. The defendant claims that numerous prejudicial errors of law occurred on the trial; such claims, as expressed by the defendant's counsel in his brief, being practically as follows: (1) That the state failed to establish the substantial and fundamental facts necessary to the commission of the crime of arson as a result of criminal agency; or, in other words, that the corpus delicti was not established on the first trial. (2) That a wilful attempt to burn a building by seting on fire waste paper therein, whereby its walls were scorched but not burned, does not constitute arson in the second degree, or any other public offense against the state. (3) That the admissions or confessions of the defendant set out in the second indictment were improperly admitted in evidence on the trial thereof, because the state failed to first establish the corpus delicti on the first trial, and particularly that the admission of the testimony of the witnesses Mealey, Price, and Ohman on the second trial, to the effect that the defendant admitted to them that he set fire to the shed, constituted error for the same reason. (4) That the court erred in permitting the witness Larson to testify, because he was not a witness on the first trial; and, further, that the indictment does not charge the defendant "with any confession made by the defendant to the said Larson." (5) That the witnesses Eichler, Compton, and Charles L. Smith, who testified in effect on the second trial that after the complaint made in the municipal court above mentioned had been read to the defendant he admitted that he had committed the acts charged in such complaint, were not witnesses on the first trial, and that no confession was made to them, or other persons, and that the indictment does not charge that any false testimony was given by this defendant upon the confession and statement made by him to the said Eichler, Compton, and Smith, and that for these reasons the court erred in the admission of their testimony. (6) That the court, in its instructions, referred to the statements claimed to have been made by the defendant to the witnesses Mealey, Price, and Ohman, and also to Compton, Eichler, and Charles L. Smith, as being admissions instead of confessions, and that the jury were thus misled, and that.

·such was error. (7) That, when an indictment for perjury charges that the accused made material admissions or confessions to one or more named persons, it is a variance and error to permit others, not named therein, to testify that they overheard the defendant make ·such admissions or confessions.

We cannot sustain any of these contentions. So far as they are based upon the alleged absence of proof of the corpus delicti, we have .already in effect held them to be unfounded, by determining that the defendant could have been convicted of the offense of an attempt to commit the crime of arson, notwithstanding that the indictment ·charged him with the offense of arson in the second degree. To hold otherwise would virtually open the door for the commission of untrammeled perjury whenever offenses were divided into degrees, and in all cases of attempts not directly charged as such in the indictment. We are aware of no rule which requires or would justify such a pronouncement.

The alleged error in subdivision 6, above mentioned, if the defendant is correct in his position, not having been called to the attention of the trial court when the jury were charged, is unavailing. 3 Dunnell, Minn. Dig. § 9798. The other claims, above enumerated, .are without merit and require no discussion.

4. The defendant claims that in no event could he be legally convicted in this action, because the judgment of not guilty, rendered in the arson case, was ipso facto res adjudicata and a bar to his subsequent prosecution for any perjury committed by him on that trial. There are some authorities in the books which may be fairly claimed to so hold. See United States v. Butler (D. C.) 38 Fed. 498; Cooper v. Commonwealth, 106 Ky. 909, 51 S. W. 789, 59 S. W. 524, 45 L.R.A. 216, 90 Am. St. 275; Petit v. Commonwealth, 22 Ky. L. R. ·262, 57 S. W. 14. The great weight of authority, however, and we think also of reason, is to the contrary. Allen v. United States (C. C. A.) 194 Fed. 664; People v. Albers, 137 Mich. 678, 100 N. W. ·908; State v. Caywood, 96 Iowa, 367, 65 N. W. 385; State v. Vandemark, 77 Conn. 201, 58 Atl. 715, 1 An. Cas. 161; State v: Williams, ·60 Kan. 837, 838, 58 Pac. 476; Hutcherson v. State, 33 Tex. Crim. App. 67, 24 S. W. 908; State v. Bevill, 79 Kan. 524, 100 Pac. 476,

131 Am. St. 345, 17 An. Cas. 753; State v. Cary, 159 Ind. 504, 65 N. E. 527. See also Mr. Freeman's note on page 29 of 103 Am. St. and note on page 423 of 74 Central Law Journal. The legal principles involved under this claim, as applied to the present indictment, and the proofs received thereunder, have been so fully discussed in the authorities last referred to, and the rule here applicable is so well established thereby, that further discussion is, we think, unnecessary.

We hold that the rule applicable to the instant case is that, unless a conviction of the charge of perjury necessarily imports a contradiction of the jury's verdict of not guilty in the arson case, then the prosecution for perjury is not barred; and, further, that no such contradiction here appears.

Judgment affirmed.