# Jay v. The State.

### Perjury.

(Decided September 7, 1916.   Rehearing denied October 19, 1916.
73 South. 137.)

1. **Witnesses; Husband and Wife; Criminal Case.**—Since the approval on
Sept. 28, 1915, of Acts 1915, p. 942, the husband and wife are competent
witnesses to testify for or against one another in criminal cases.

2. **Judgment; Res Judicata; Criminal Law.**—While the principles of res
judicata apply to criminal as well as civil cases, a judgment in a civil case is
not res judicata in a criminal case, or vice versa; there being no mutuality
of parties, and a different degree of proof being required.

3. **Same; Former Jeopardy.**—Civil res judicata finds its counterpart in
criminal law in the constitutional safeguard of former jeopardy; in the case
of jeopardy, there must be an identity of offenses both in law and in fact
before the bar will operate, while in res judicata any fact that was adjudi-
cated and determined upon its merits, and not merely collateral, and which
was within the issues framed is forever foreclosed and barred in any future
litigation involving that adjudicated fact between the same parties.

3. **Judgment; Collateral Attack; Conclusiveness.**—Where the trial court
had jurisdiction of defendant and the subject matter of the prosecution, its

[Jay v. The State.]

judgment is conclusive and not subject to collateral attack although obtained by fraud and perjury.

5. **Perjury; Res Judicata.**—Where one was accused of crime, and testified as to the material matters therein litigated, and was acquitted, such judgment of acquittal was not res judicata of his alleged perjury in giving such testimony, but on the trial for perjury the inquiry whether he had sworn falsely was necessary and pivotal.

6. **Judgment; Res Judicata; Extrinsic Evidence.**—Where it does not appear from the record whether certain material facts were presented and determined, evidence de hors the record may be adduced to prove the presentation and litigation of such facts, to sustain the plea of res judicata.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

John D. Jay was convicted of perjury and he appeals. Reversed and remanded.

The plea is as follows:

(2) Defendant says that the indictment in this case charges him with perjury, in that the defendant testified in a certain case wherein the state of Alabama was plaintiff and the defendant in this case was the defendant in the case, in that defendant swore in that case that he had never had sexual intercourse with Minnie Sims. The defendant avers that in that trial of said seduction case the question as to whether or not defendant had intercourse with Minnie Sims was material, and was directly put in issue by the parties to said suit, and that said question was tried, decided, and determined in said cause; that the jury in said cause rendered a verdict as follows, "We, the jury, find the defendant not guilty;" that, following said verdict, the court entered a judgment in said cause discharging the defendant and judicially determining the questions as to whether or not defendant was guilty in said seduction charge. And this defendant says that the question whether or not he had intercourse with said Minnie Sims was in and by the judgment of the court determined, and that such determination is conclusive between the parties to this suit, to-wit, the state of Alabama and this defendant, and that such question should not be again reopened between the parties to this cause, who are the same parties to said cause of seduction in the prosecution therefor. The defendant avers, therefore, that the question as to whether or not he testified falsely in said cause has been determined by the judgment of the court, and that such determination was in a cause where the state of Alabama was plaintiff and where this defendant, and that as to whether or not

[Jay v. The State.]

the said defendant had intercourse with said Minnie Sims had been judicially determined and adjudicated by this court in favor of this defendant, and cannot be reopened between the same parties in this cause, although under a different name but involving the same transaction.

(Ed. Note—This cause was reviewed on the main question by the Supreme Court on application for certiorari filed by defendant and the writ denied. See *Jay v. State*, 198 Ala., 73 South. 1000.)

W. O. MULKEY, and C. D. CARMICHAEL, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.— (1) This appeal is prosecuted from a judgment of conviction for perjury; the appellant, it is alleged, having forsworn himself in a prosecution against him for seduction. On the trial, appellant offered his wife as a witness in his behalf, but the learned trial court excluded her as an incompetent witness. The trial occurred on the 13th day of October, 1915; a short time prior thereto, to wit, on September 28, 1915, an act was approved entitled, "An act permitting husband and wife to testify for or against each other in criminal cases."—Acts 1915, p. 942. The act in question went into effect upon its approval. It follows that this cause must be reversed and remanded for another trial.

Since the cause must be remanded, we advert to the chief contention of counsel embraced in his special plea of res judicata. The proposition involved and presented by said plea may be succinctly stated as follows: Appellant was formerly indicted and tried for the seduction of a young woman, S. One of the questions involved in the issues of that case and directly presented to and passed upon by the jury was whether appellant had sexual intercourse with S. The jury acquitted appellant; hence it is urged that appellant cannot be convicted of perjury in swearing that he had not had sexual intercourse with S., as that was one of the facts embraced in the issues the jury determined in appellant's favor. This fact determined by the issues, it is contended, was settled and adjudicated, and, so far as any further prosecution of appellant was concerned, became res judicata.

(2) The doctrine and principles of res judicata, it is held, are applicable to criminal as well as to civil cases. Obviously, a judgment in a civil cause could not operate as res judicata in a criminal cause, or vice·versa, for the reason that there is no mutuality of parties, and for the further reason that a different degree of proof is exacted in the one than the other; but, broadly speaking, where res judicata is fitting, it has its field of operation, whether the issues or subject-matter determined be in the civil or criminal forum. See 2 Van Fleet's Former Adjudication, § 628; 24 Am. & Eng. Encyc. Law (2d Ed.) 830, 831; 23 Cyc. 1347; *People v. Albers*, 137 Mich. 679, 100 N. W. 908; monographic note, 103 Am. St. Rep. 20, et seq.; *Commonwealth v. Ellis*, 160 Mass. 165, 35 N. E. 773. See, also, in this connection, *Mitchell's Case*, 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17. It should be remarked that the principles of res judicata were first formulated and promulgated in a celebrated criminal case.—*Rex v. Duchess of Kingston*, 20 How. St. Tr. 538; s. c., 2 Smith's Leading Cases (8th Ed.) 784.

(3) Res judicata finds its analogy or counterpart in criminal law in the constitutional safeguard of former jeopardy; in the case of jeopardy, however, there must be an identity of .offenses both in law and fact before the bar will operate (*Gordon v. State*, 71 Ala. 315; *Gustin v. State*, 10 Ala. App. 171, 65 South. 302); but in res judicata any fact that was adjudicated and determined upon its merits and not merely collateral, and which was within the issues framed, is forever foreclosed and. barred in any future litigation involving that adjudicated fact when the same is again contested between the same parties; provided, it may be added, that both causes are civil or criminal, as the case may be (23 Cyc. 1165, 1170; 24 Am. & Eng. Encyc. Law [2d Ed.] 778c, 780d, 781 [5a]; *McCalley v. Robinson's Adm'r*, 70 Ala. 432; *Tankersley v. Pettis*, 71 Ala. 179; *McCall v. Jones*, 72 Ala. 368; *Crausby v. Crausby*, 164 Ala. 476, 51 South. 529; *Johnson v. Odom*, 11 Ala. App. 364, 66 South. 853; *Mason v. Mason*, 5 Ala. App. 377, 59 South. 699; *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195).

(4) The trial court having jurisdiction of the party and subject-matter, the ·judgment in the seduction case, though obtained by fraud and perjury, was not void, and its validity cannot be assailed on collateral attack.—23 Cyc. 1126c, 1099, 1059 (6), 1100c; 24 Am. & Eng. Encyc. Law (2d Ed.) 720b; *Gandy v.*

*State*, 86 Ala. 20, 5 South. 420; *Logan v. Cen. Iron & Coal Co.*, 130 Ala. 548, 36 South. 729; 2 Freeman on Judgments, §§ 334, 336; *Chattanooga, etc., v. Vaught*, 143 Ala. 389, 39 South. 215.

(5, 6) One might have been acquitted of seduction and still have had sexual intercourse with the female in question for non constat the jury might have found that the sexual relations were accomplished without the concomitant arts, deceptions, or blandishments denounced by the statute, or perchance her testimony lacked corroboration, or because of unchastity, any of these, under the statute, would have warranted an acquittal; but it cannot be argued from this that, because the judgment could be the same whether appellant did or did not have sexual intercourse, this question was not a necessary and material matter in issue to sustain the judgment of acquittal, and that hence the judgment did not operate as conclusive of that matter. Suffice it to say that the question of sexual intercourse vel non was a necessary and pivotal inquiry, and as such was contested and directly submitted to the jury as one of the necessary facts involved and embraced within the issues submitted to and passed upon by them. The rule also is that, where it does not appear from the record whether certain material facts were presented and determined, evidence dehors the record may be adduced to prove the presentation and litigation of such fact to sustain the plea of res judicata.—23 Cyc. 1534, 1535; 24 Am. & Eng. Encyc. Law (2d Ed.) 835b. While the two crimes are separate and distinct offenses, the fact that the question of sexual intercourse became res judicata in the seduction case, and that the question of perjury rests entirely upon the establishment of the falsity of that very question, the perjury charge must of necessity fall for lack of support if a plea of res judicata conclusively bars and forecloses further inquiry as to the falsity vel non of appellant's testimony on the question of intercourse.

Appellant cites *Cooper v. Commonwealth*, 106 Ky. 909, 51 S. W. 789, 524, 45 L. R. A. 216, 90 Am. St. Rep. 275, which upholds his contention. He also cites *United States v. Butler* (D. C.), 38 Fed. 498; *Mitchell v. State*, 140 Ala. 117, 37 South. 76, 103 Am. St. Rep. 17 and monographic note page 19, et seq.; *State v. Adams*, 72 Vt. 253, 47 Atl. 779, 82 Am. St. Rep. 937; *Commonwealth v. Evans*, 101 Mass. 25; *Petit v. Commonwealth* (Ky.) 57 S. W. 14. In *Cooper's Case, supra,* our own court has declared that the dissenting opinion therein is the better consid-

ered. See *McDaniel's Case,* 13 Ala. App. 318, 69 South. 351. *Butler's Case, supra,* has been severely criticised and condemned in a case of the Circuit Court of Appeals.—*Allen v. United States,* 194 Fed. 664, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385.

We have carefully reviewed the authorities dealing with the question of perjury in cases wherein the accused was acquitted through his perjury. The following authorities hold that the accused may be convicted of perjury, notwithstanding his former acquittal; but they do not satisfactorily explain away the technical barrier of res judicata nor, in the main, give up the rationale or the principle upon which they are decided. Some of them, notably the Texas cases and *Allen's Case,* deal with the question of former jeopardy, which is clearly distinguishable, and the difficulty here might be easily disposed of on that theory if applicable, as in that case the two offenses must be identical, both in law and fact. The authorities referred to are as follows: *People v. Albers,* 137 Mich. 679, 100 N. W. 908; *Hutcherson v. State,* 33 Tex. Cr. R. 67, 24 S. W. 908; *Cooper v. Commonwealth, supra* (dissenting opinion); *State v. Caywood,* 96 Iowa 367, 65 N. W. 385; *State v. Smith,* 119 Minn. 107, 137 N. W. 295; *State v. Vandemark,* 77 Conn. 201, 58 Atl. 715, 1 Ann. Cas. 161; *Miles v. State,* 73 Tex. Cr. R. 493, 165 S. W. 567; *State v. Cary,* 159 Ind. 504, 65 N. E. 527; *Murff v. State,* 76 Tex. Cr. R. 5, 172 S. W. 238; *State v. Williams,* 60 Kan. 837, 58 Pac. 476; *State v. Bevill,* 79 Kan. 524, 100 Pac. 476, 131 Am. St. Rep. 345, 17 Ann. Cas. 753; *Dickerson v. State,* 18 Wyo. 440, 111 Pac. 857, 116 Pac. 448; *People v. Sculley,* 3 N. Y. Cr. R. 244. Nor can it be argued that the plea was tantamount to and in effect a plea of former acquittal. It does not pretend to set forth the constituents of such a plea.

We confess that the contention of appellant finds much technical sanction and support in the authorities for the application of the doctrine of res judicata. We think, however, for reasons hereinafter given, that, plausible and cogent as these technical refinements may be, the argument favoring the application of the doctrine of res judicata in cases like this is specious and leads to unsound conclusions.

Assuming that res judicata in perjury prosecutions should preclude an inquiry into the truth vel non of the adjudicated fact upon which the perjury rests, we should have a most anomalous condition. A libertine might seduce a girl, and, were he as

[Jay v. The State.]

plausible and seductive in playing upon the credulity of a jury as he was with his victim and should manage by his perjured testimony to secure an acquittal, he would go unwhipt of justice, even admitting his perjury.

The doctrine of res judicata springs out of and is founded upon the principle of estoppel. It rests upon the principle of public policy that there should be an end to litigation—the maxim is, "Interest reipublicæ ut sit finis litium." Keeping in view the basic principle and underlying reason—public policy—it is obvious that while public policy on the one hand demands an end of litigation, and hence puts forward the doctrine of res judicata, yet, on the other, it is manifest that every interest of public policy demands that perjury be not shielded by artificial refinements and narrow technicalities, for perjury strikes at the very administration of the law and holds the courts up to contempt if they allow the perjurer to go unwhipt of justice. In other words, while public policy on the one hand creates the doctrine of res judicata, it also, on the other, requires that perjurers be brought to trial. It would be a monstrous doctrine to hold that a person could go into a court of justice and by perjured testimony secure an acquittal, and because acquitted he could not be tried for his perjury; this would be putting a premium upon perjury and allowing a scoundrel to take advantage of his own wrong. Public policy does not guarantee immunity to criminals, and that is just what we are asked to do in extending the doctrine of res judicata to perjury. It is a maxim of the law that when the reason ceases the law ceases—Cessante ratione legis, cessat et ipsa lex.

We hold that the plea was no answer to the indictment, and the demurrers were properly sustained. In our holding we merely announce that public policy forbids the application of the extension of the doctrine of res judicata to perjury committed by a defendant on trial in a criminal case, and other than this we do not decide.

Let the judgment be reversed, and the cause remanded.

**Reversed and remanded.**