### No. 9228.

### THE PEOPLE *v.* HARDY.

CRIMINAL LAW—*Autrofois acquit.* Acquittal of a charge of forgery is no bar to an indictment for perjury, committed by the accused in his trial for the forgery.

*Error to Denver District Court, Hon. Julian H. Moore,*
*Judge.*

*Department.*

Mr. WILLIAM E. FOLEY, district attorney, and Mr. T. E.
MCINTYRE, assistant district attorney, for the people.

No appearance for defendant in error.

Opinion by Mr. Justice Teller:

The defendant in error was tried and acquitted of a
charge of forgery, and afterwards was indicted for per-
jury, alleged to have been committed on the trial for
forgery.

To this indictment he plead that the question of said
perjury had been adjudicated on his trial for forgery;
that the issue in both cases was the same, *i. e.*, was his
evidence as to the making of the check alleged to have been
raised by him true or false; that the verdict in his favor
was an adjudication that his testimony was true; and hence
he could not be found guilty of perjury for so testifying.

A demurrer to the plea was overruled, a replication to
it was filed, and a demurrer to it sustained. Cause dis-
missed, and prisoner discharged.

The case is now here for review on the correctness of
the rulings on the demurrers to the plea of former jeopardy,
and to the replication. The question is this: Does the
verdict in favor of defendant conclusively establish that
the testimony of defendant on the trial for forgery is true;
and so bar further inquiry on that point?

While the cases on the question are somewhat in con-
flict, we think the great weight of authority, and by far
the better reasoning, answer the question in the negative.
The plea shows that there was evidence offered on behalf
of defendant other than his testimony, and that being so,
it can not be said that all his testimony was determined to
be true. Again the issue is not the same. In the one case
it was: Did he commit such acts as amount to forgery in

law? In the other it is: Did he wilfully testify falsely to a material fact?

The allegation of the plea that the issue was the truthfulness of defendant's explanation is a mere conclusion, and not admitted by the demurrer. The jury may have rejected as untrue a part or the whole of defendant's testimony, and because of other evidence entertained a reasonable doubt of his guilt.

Again, when tried on the charge of perjury, other evidence than that produced on the forgery trial may be introduced, and the charge fully sustained. Even if he did not in fact forge the check, conceivably he might commit perjury in order to insure an acquittal. The decisive point is, however, that the issues are not the same, and the determination of one does not necessarily determine the other. And so the cases hold. *Hutcherson v. State*, 33 Tex. Cr. 67, 24 S. W. 908; *State v. Cary*, 159 Ind. 504, 65 N. E. 527; *State v. Bevill*, 79 Kan. 524, 100 Pac. 476, 131 Am. St. Rep. 345, 17 Ann. Cas. 753; *People v. Albers*, 137 Mich. 678, 100 N. W. 908; *State v. Caywood*, 96 Iowa 367, 65 N. W. 385; *State v. Vandemark*, 77 Conn. 201, 58 Atl. 715, 1 Ann. Cas. 161; *Schaller v. State*, 14 Mo. 502; *Mitchell v. State*, 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17; and 30 Cyc. 1422.

A late case in Kentucky, *Teague v. Commonwealth*, 172 Ky. 665, 189 S. W. 908, L. R. A. 1917 B. 738, overrules two earlier cases in that state, and holds that an acquittal in the one case is not a bar to the other; and, in *Allen v. U. S.*, 194 Fed. 664, 114 C. C. A. 357, 39 L. R. A. (N. S.) 385, the court declined to follow *U. S. v. Butler*, 38 Fed. 498, which sustained the position of defendant in error. This leaves no substantial authority to sustain the rulings and judgment. The judgment is therefore reversed, and the cause remanded with directions for further proceedings in harmony with the views herein expressed.

Judgment reversed.

Chief Justice Hill and Mr. Justice White concur.