PATTERSON, Judge.
Felix Fort appeals his conviction for perjury and his subsequent sentence of imprisonment for two years and six months. The basis for the perjury charge is as follows: In 1992, Fort was charged with distribution of a controlled substance. At trial, the state’s evidence indicated that on December 5, 1991, Fort sold crack cocaine to an undercover police officer in Andalusia. Fort presented an alibi defense. He testified that he was living in Birmingham during that period, and that he was then employed by V’s Car Wash in that city. That jury failed to reach a verdict, which resulted in a mistrial. Subsequently, Fort was indicted for perjury on the grounds that he had lied under oath about his employment at V’s Car Wash. He was found guilty of perjury, and he now appeals that conviction.
I.
Fort contends that § 13A-10-106, Code of Ala.1975, precluded a perjury prosecution, because, he argues, the substance of his testimony for which he was prosecuted was a denial of his guilt. Section 13A-10-106 provides:
“No prosecution shall be brought under this article if the substance of the defendant’s false statement was a denial of his guilt in a previous criminal proceeding.”
In determining whether the substance of Fort’s prior testimony was a denial of his guilt, we turn to the question whether that testimony concerned an ultimate (dispositive) issue, or merely an evidentiary (persuasive) issue. Cf. State v. Bolden, 639 So.2d 721 (La.1994), cert. denied, Bolden v. Louisiana, — U.S. —, 115 S.Ct. 724,130 L.Ed.2d 629 (1995) (Ortique, J. dissenting) (stating that under collateral estoppel analysis,[1] “[Ultimate facts are those upon which a defendant’s liability or exoneration depend, while evidentiary facts are those facts established by the evidence”).
In this case, the testimony at issue in Fort’s perjury trial was his prior testimony that he had been a part-time employee of V’s Car Wash at the time of the commission of the alleged drug offense. If believed by a jury, this testimony would not resolve the ultimate issue of identity. It would be evi-dentiary in nature, supporting his alibi defense, and would not be a denial of guilt. Therefore, we hold that Fort’s perjury prosecution is not barred by § 13A-10-106.
II.
Fort contends, apparently in the alternative, that his alibi testimony regarding *890 his employment was not material to the charge. Fort’s argument is specious. Section 13A-10-101(a), Code of Ala.1975, provides:
“A person commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made.”
(Emphasis added.) This section makes no reference to materiality in regard to the charge. Furthermore, § 13A-10-100(b)(2) defines “material,” for purposes of perjury, as follows:
“A statement is ‘material,’ regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding. It is no defense that the de-clarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.”
See United States v. Carter, 721 F.2d 1514, 1535 (11th Cir.), cert. denied, 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 36 (1984) (“[Tjhe determinative inquiry for materiality is Svhether the false testimony was capable of influencing the tribunal on the issue before it.’ United States v. Cosby, 601 F.2d 754, 756, n. 2 (5th Cir.1979) (emphasis supplied)”), quoted in Ikner v. State, 600 So.2d 435, 437 (Ala.Cr.App.1992). Under the standard required by the foregoing authorities, and in light of the evidence offered at trial, we hold that Fort’s testimony regarding his employment at Vs Car Wash was material in his trial for unlawful distribution of a controlled substance.
III.
Fort contends that the state presented insufficient evidence to support a judgment of guilty on the charge of perjury. When reviewing the sufficiency of the evidence, it is the duty of this court to view the evidence in the light most favorable to the state. McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990). The states evidence indicated the following. At a prior official proceeding, Fort testified that, between Thanksgiving and Christmas 1991, he was employed as a part-time worker at Vs Car Wash, which was operated by Fort’s relatives and which was located at 1328 Fourth Avenue in Birmingham. The state’s evidence showed that during that period, that address was occupied by a business known as “My Car Wash.” The state introduced evidence that My Car Wash was in operation at that location from March 1986 until at least March 1992. The proprietor and the manager of My Car Wash both testified that they did not know Fort and that to their knowledge he had never worked at My Car Wash. The state offered further evidence to show that Vs Car Wash subsequently leased that property in June of 1992. We find that the state presented sufficient evidence to show that Fort committed perjury at his trial for unlawful distribution of a controlled substance.
IV.
Fort argues that the court erred in denying his Batson[2] motion. Fort is black, and he argues that the prosecutor failed to present race-neutral reasons for striking veniremembers 1, 5, and 69, who are also black. The prosecutor stated that he struck potential juror no. 1 because he stated that he had several friends who had been defendants in criminal trials, all of whom had been convicted. This is a sufficiently race-neutral reason. The prosecutor indicated that he struck potential juror no. 5 because he knew Fort’s mother. Furthermore, potential juror no. 5 had been arrested on three counts of failure to appear in municipal court. These reasons are sufficiently race-neutral. The prosecutor justified striking potential juror no. 69 because two of his nephews had been prosecuted and convicted by the district attorney’s office. This reason is race-neutral. Therefore, this argument is without merit.
AFFIRMED.
TAYLOR, P.J., and McMILLAN, and COBB, JJ., concur.
LONG, J., recuses himself.

. We note that the commentary accompanying § 13A-10-106, Code of Ala.1975, states “the doctrine of 'collateral estoppel,' recently invoked by the Supreme Court in Ashe v. Swenson, 397 U.S. 436, [90 S.Ct. 1189, 25 L.Ed.2d 469,] (1970), might be successfully applied so as to prevent a subsequent conviction of perjury.” See Jay v. State, 15 Ala.App. 255, 73 So. 137 (1916), cert. denied, 198 Ala. 691, 73 So. 1000 (holding that perjury charge was collaterally estopped by acquittal in appellant’s trial on previous charge). However, in this case, the prior proceeding specified in the perjury indictment ended in a mistrial. Trials ending in a mistrial carry no weight for purposes of collateral estoppel, because there was no judgment. See Owens v. Lucas, 604 So.2d 389 (Ala.1992). Because the language of § 13A-10-106 includes proceedings that end in a mistrial, the doctrine of collateral estoppel is inadequate to address the entire universe of prior proceedings to which this section may apply.

. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).