COMMONWEALTH *vs.* SEWELL P. ELLIS.

Bristol.    October 24, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Neglect of Father to support Minor Child — Defence of Illegitimacy of Child —
Effect of Record of former Conviction — Estoppel.*

The record of the conviction and sentence of a father upon a complaint, under the
St. of 1885, c. 176, for unreasonably neglecting to support his minor child, is con-
clusive evidence that the paternity of the child was determined, and the father
is estopped to set up the illegitimacy of the child as a defence to a subsequent
complaint under the same statute for a similar offence.

LATHROP, J.   This is a complaint, under the St. of 1885,
c. 176, charging the defendant with the offence of unreasonably
neglecting to provide for the support of his minor child.   At
the trial in the Superior Court, the defence was that the child
was not the child of the defendant, but was a bastard child of
the defendant's wife.   To meet this defence, the government
put in evidence a record of the Second District Court of Bristol,
showing a prior conviction and sentence of the defendant, under
the same statute, for unreasonably neglecting to support the
same child.   The presiding justice ruled, as matter of law, that
the record of the conviction and sentence was conclusive evidence
that the paternity of the child was determined, and that the
defendant was estopped to set up the illegitimacy of the child
as a defence.   The correctness of this ruling is the only question
before us.

The question of the paternity of the child was necessarily
involved in the prior conviction of the defendant.   That fact
having been determined, it cannot again be litigated between
the same parties unless a different rule applies to criminal
proceedings from that which obtains in civil proceedings.   See
*Sly* v. *Hunt,* 159 Mass. 151, and cases cited.   It is well settled
that the rule is the same in both classes of cases.   Thus, in
*Commonwealth* v. *Evans,* 101 Mass. 25, it was held, on the trial
of an indictment for manslaughter, that the record of a convic-
tion of the defendant for the assault which caused the death was

conclusive evidence that the assault was unjustifiable. So in *Commonwealth* v. *Feldman*, 131 Mass. 588, where the defendant was indicted for an assault upon a public officer, committed while the defendant was under arrest for drunkenness, it was held that a record of his conviction and sentence for drunkenness at the time of his arrest was conclusive evidence of that fact.

*Exceptions overruled.*

*A. E. Bragg*, for the defendant.

*H. M. Knowlton*, District Attorney, for the Commonwealth.