## EL PUEBLO v. VÁZQUEZ.

### Apelación procedente de la Corte de Distrito de Guayama.

No. 47. Resuelto en diciembre 15, 1905.

APELACIÓN.—PRUEBAS.—NOTAS DEL TAQUÍGRAFO.—Las notas tomadas por el taquígrafo durante el juicio de una causa, no forman parte de los autos de la apelación, y por sus méritos no puede el tribunal considerar y resolver aquellas cuestiones que se funden en la prueba practicada en el juicio.

ACOMETIMIENTO Y AGRESIÓN.—MOTÍN.—Los delitos de acometimiento y agresión, y motín, no son necesariamente independientes uno del otro, aunque una misma persona puede tomar parte en un motín, y cometer, durante él, el delito de acometimiento y agresión, sin hallarse el último comprendido en el primero.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente es una causa por acometimiento y agresión con circunstancias agravantes, seguida ante la Corte de Distrito de Guayama, contra los acusados Juan Vázquez, José Aguedo Vázquez y Hermenegildo Vázquez. Nada se

ha dicho en cuanto á la forma de los procedimientos segui-
dos en esta causa. Los acusados fueron sentenciados cada
uno á sufrir dos años de prisión y al pago de las costas.

La primera cuestión promovida en esta apelación, es
que el veredicto es contrario á la prueba. Cuando la causa
fué traída primeramente á esta corte no se trató de mos-
tra á la corte en qué consistía la prueba, ni aún las notas
taquigráficas de la prueba practicada ante el tribunal in-
ferior. Después de celebrada la vista en este tribunal,
se archivó en la oficina del secretario una copia certificada
de las notas taquigráficas sin la menor autoridad ni justifi-
cación legal. No podemos aprobar este método con que se
ha tratado de ampliar el récord, y aún cuando las notas
taquigráficas hubieran sido propiamente unidas al récord,
esta corte ha resuelto recientemente, en varios casos, que
tales notas taquigráficas no pueden considerarse en ape-
lación, y los casos que especialmente apoyan esta teoría
son los de *El Pueblo de Puerto Rico* contra *Juan de Mata
Eligier y Juan del Carmen Groló* y *El Pueblo de Puerto
Rico* contra *Eusebio Torres Candelaria.*

Uno de los apelantes sostiene que fué declarado culpa-
ble anteriormente del delito de ''motín'', y que tal convic-
ción impediría su convicción del cargo que le fué imputa-
do en esta causa. Primeramente se trató de promover la
cuestión por medio de una moción, la que exigía el sobre-
seimiento de la acusación contra los tres acusados, porque
dos de ellos habían sido declarados culpables anteriormen-
te, siendo uno absuelto del delito de motín.

Es evidente que la providencia de la corte desestimando
la moción fué debidamente hecha, porque á no ser que el
hecho de que los presos habían sido declarados culpables
primeramente ó absueltos aparezca de la simple lectura
de la acusación, tal punto debe tratarse por alegación ó
por pruebas presentadas en el juicio.

El principio en cuestión es semejante á aquél resuelto

por esta corte en el caso de *Sucesores de Luis Rosch* v. *Demetrio Guasp.*

El abogado de los apelantes declara en su alegato que Hermenegildo Vázquez declaró que había sido anteriormente hallado culpable del delito de "motín".

Estamos de acuerdo con el fiscal con respecto á que los dos delitos no son necesariamente independientes uno del otro. Ciertamente que un hombre podría tomar parte en un motín y durante el tiempo que se encuentra en él puede cometer un delito de acometimiento y agresión sin hallarse el último comprendido en el primero. Véase *El Pueblo* contra *Bentley,* 77 Cal. p. 8, y *El Pueblo* contra *Majors,* 65 Cal. p. 145, citados por el fiscal.

Según se ha indicado, sin embargo, ninguna de estas cuestiones pueden ser tomadas en consideración propiamente por esta corte, porque no se ha traído prueba ante nosotros.

No habiéndose alegado ningún otro error, el fallo dictado por la Corte de Distrito, debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.