STATE v. EUGENE SARGOOD.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and HASELTON, JJ.

Opinion filed December 3, 1907.

*Criminal Law—Evidence—Judgment on Prior Conviction— Admissibility and Effect—New Trial—Newly Discovered Evidence—Lack of Due Diligence—Wife Made Competent Witness by Divorce—Whether Newly Discovered Evidence.*

As a general rule, a judgment in a criminal case is admissible and conclusive evidence in a subsequent criminal prosecution against the same respondent as to any relevant fact determined by the judgment.

Where a person who had been convicted of poisoning certain colts was subsequently prosecuted for an attempt to poison the man and his wife in whose barn the colts were kept, and the State's evidence in the subsequent trial tended to connect the respondent with each offence by a motive and purpose that included both, in the second trial, the record of the respondent's former conviction was admissible and conclusive evidence against him that he poisoned the colts.

The fact that the former wife of a person who has been convicted of a crime has procured a divorce from him since his conviction, and has thus become a competent and important witness, affords him no basis for a petition for a new trial on the ground of newly discovered evidence.

The fact that since a respondent was convicted of poisoning colts a chemist has made an analysis that discredits in some respects the case made by the State regarding the liquid used by the respondent, does not warrant the granting of a new trial on the ground of newly discovered evidence, where the desirability of so discrediting the State's case could not have been overlooked in the preparation for trial, and evidence of the character relied on could then easily have been produced.

INFORMATION for attempting to poison Sanford Hicks and his wife. Plea, not guilty. Trial by jury at the December Term, 1904, Bennington County, *Powers,* J., presiding. Verdict, guilty, and judgment thereon. The respondent excepted. See *State* v. *Sargood,* 77 Vt. 80.

The respondent also brought his petition for a new trial, under V. S. 1662, on the ground of newly discovered evidence, to the Supreme Court for Bennington County, at its October Term, 1905, which petition was then heard with the exceptions.

*James K. Batchelder,* and *D. A. Guiltinan* for the respondent.

*W. R. Daley,* State's Attorney; and *O. M. Barber* for the State.

MUNSON, J. The statement given in the opinion in *State* v. *Sargood,* 77 Vt. 80, will serve as a sufficient statement of the case now before us, both as regards the theory of the State and what its evidence tended to show. The offence charged in the first case was the poisoning of certain colts, and the offence charged here is an attempt to poison Sanford Hicks and his wife. The State claimed to connect the respondent with each offence, by a motive and purpose which included both. The relation of the two cases is such that the decision in the former case sustaining the admissibility of evidence of an attempt to

poison the Hickses, is authority for now holding that evidence of the poisoning of the colts was admissible in this case.

The court received in evidence the record of the respondent's conviction on the charge of poisoning the colts, held that it was conclusive proof of the fact, and excluded testimony offered by the respondent to show the contrary; to all of which the respondent excepted. These rulings were correct. With some exceptions not material here, a judgment in a criminal case is admissible and conclusive evidence in another criminal case against the same defendant, as to any fact determined by the judgment. 1 Green. Ev., § 537 n; *Commonwealth* v. *Evans*, 101 Mass. 25; *Commonwealth* v. *Ellis*, 160 Mass. 165; *Mitchell* v. *State*, 140 Ala. 118, 103 Am. St. 17, and note; see *State* v. *Adams, Claimant*, 72 Vt. 253.

*Judgment that the respondent take nothing by his exceptions.*

THE PETITION for a new trial is based in part upon the affidavit of the former wife of the respondent, who has procured a divorce since his conviction, and has thus become a competent witness. It is apparent that her evidence is not newly discovered in the proper sense of the term. It is evidence that the respondent knew of, but did not have because it was not available. If within the rules applicable in such cases, the respondent should have moved for a postponement of the trial until the desired testimony could be made available. It needs but this suggestion to show that the case does not stand on any recognized ground of relief. The respondent did not have this evidence when tried because the law did not permit it. The granting of the petition on this ground would amount to a judicial extension of the remedy to all cases where an incompetent witness is made competent by legal proceedings or legislative enactment. In the only similar case of which we have knowledge, the application was denied. *Sawyer* v. *Merrill*, 10 Pick. 16.

The petition is also supported by the affidavit of a chemist regarding an experiment with and analysis of a mixture corresponding to the washing fluid given to Mrs. Hicks by Mrs. Eastman, which tends to discredit in some respects the case made by the State regarding the liquid claimed to have been put into the cups by the respondent. The evidence of the analysis

made of that liquid at the state laboratory was received on the trial for poisoning the colts. The facts regarding the washing fluid were introduced by the respondent at the same trial. It was to be expected that the state chemist would testify, and he did testify, as to his analysis and its results, substantially the same on the second trial as on the first. The desirability of discrediting his testimony could not have been overlooked in the ordinary preparation of the-defence. If counsel had concluded to undertake this, they could easily have been prepared with opposing testimony of the character disclosed by the affidavit, before the trial commenced. A new trial cannot be granted on evidence of this character under these circumstances.

*Petition dismissed.*