## EL PUEBLO, DEMANDANTE Y APELADO, *v.* NOEL, ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por alterar la paz.

No. 1705.—Resuelto en junio 21, 1921.

ALTERACIÓN DE LA PAZ PÚBLICA—CONDUCTA TUMULTUOSA Y OFENSIVA—IMPUTACIÓN DEL DELITO BAJO DISTINTOS CARGOS—DENUNCIA SUFICIENTE.—Una denuncia que imputa a las acusadas el hecho de que ''voluntaria y maliciosamente alteraron la paz y tranquilidad del vecindario con ruidos, conducta tumultuosa y ofensiva y amenazando con herir a A, formando un fuerte escándalo,'' describe suficientemente el cargo pues no es necesario alegar expresamente en qué consistió la conducta tumultuosa y ofensiva. La amenaza de herir a A es manifestación del mismo delito y no la imputación de distinto delito.

ALTERACIÓN DE LA PAZ Y AGRESIÓN COMETIDOS CONJUNTAMENTE — FORMER JEOPARDY—ABSOLUCIÓN ANTERIOR.—Cuando la agresión no fué el acto provocador de la alteración de la paz, lo que distingue este caso del de *El Pueblo* v. *Veve*, 24 D. P. R. 486, sino que mientras ocurría ésta por medio de conducta tumultuosa y amenazas de herir a A, la acusada agredió a B, el hecho de ser absuelta la acusada por la agresión a B no impide que se la denuncie por alteración de la paz pública, pues se trata de distintos delitos cometidos en el mismo momento.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Conociendo la Corte de Distrito de Ponce en grado de apelación de una denuncia presentada en la corte municipal declaró culpable a Monserrate Noel del delito de alterar la paz y dictó sentencia condenándola a treinta días de cárcel contra cuyo fallo interpuso Monserrate Noel este recurso de apelación.

La denuncia origen de estos procedimientos en lo necesario dice así:

''En septiembre 1 de 1920, hora las 3 a. m. y en la calle Castillo, del Distrito Judicial Municipal de Ponce, P. R., las acusadas Monserrate Noel y Matilde Morales, voluntaria, y maliciosamente alteraron

la paz y tranquilidad del vecindario con ruidos, conducta tumultuosa y ofensiva, y amenazando con herir a Francisco Rivera, formando un fuerte escándalo.''

Antes del juicio en apelación se presentó excepción contra la denuncia fundada en que no da a conocer a la acusada el cargo que se le hace de una manera clara, concisa y distintamente y porque se le imputa más de un delito porque alega que alteró la paz y tranquilidad del vecindario con ruidos y conducta tumultuosa y ofensiva amenazando con herir a Francisco Rivera. También alega que por los mismos hechos había sido absuelta en la Corte Municipal de Ponce.

La corte inferior declaró sin lugar esas excepciones y entendemos que no cometió error alguno al hacerlo así, como ahora se alega, porque la simple lectura de la denuncia demuestra que se siguieron las palabras del estatuto lo que generalmente es suficiente, sin que sea necesario alegar de una manera expresa en qué consistió la conducta tumultuosa y ofensiva, siendo la amenaza de herir a Francisco Rivera manifestación del mismo delito y no la imputación de un delito distinto.

En cuanto a la alegación de haber sido absuelta por los mismos hechos, esto no resultaba de la denuncia pero la consideraremos porque luego se presentó prueba en el juicio sobre ella, demostrándose que Monserrate Noel fué denunciada por haber acometido y agredido a Angel Collazo hiriéndole en una mano en los momentos de la alteración de la paz objeto de esta denuncia habiendo sido absuelto de ese delito, pero no puede prosperar tal defensa porque se trata de delitos distintos aunque cometidos en los mismos momentos, pues aquél es por haber agredido a Angel Collazo y éste es por haber alterado la paz con su conducta y amenazas de herir a Francisco Rivera, persona distinta de Angel Collazo. El caso de *El Pueblo* v. *Veve,* 24 D. P. R. 486, citado por la apelante, no es de aplicación a éste porque la

agresión a Collazo no fué el acto provocador de la alteración de la paz sino que primero fué ésta y después la agresión.

En cuanto a la alegación que se hace de ser insuficiente la prueba para sostener la condena, no podemos sostenerla en vista del examen que de ella hemos hecho.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.