## PEOPLE *v.* LINCOURT.

1. JUDGES—FORMER TRIAL—DISQUALIFICATION OF JUDGE.

   In a prosecution for assault with intent to kill and murder, where defendant shot and killed his wife and at the same time committed the offense charged, the judge who presided at the trial for the murder of defendant's wife, when he was acquitted, was not thereby disqualified from sitting in the instant case.

2. SAME—PREJUDICE.

   The contention that the judge was prejudiced, *held,* not sustained by the record, which shows fairness and impartiality on his part.

3. EVIDENCE—CRIMINAL LAW—RES GESTÆ.

   Testimony that defendant, after committing the offense charged, shot his wife, was properly received as part of the *res gestæ,* and to characterize the act charged.

4. APPEAL AND ERROR—TRIAL—INSTRUCTIONS.

   The contention of defendant's counsel that proper instruction was not given relative to the consideration of the testimony as to his shooting his wife is without merit where it appears that the court instructed the jury that there was only one charge preferred against defendant, and that they were to determine that one question alone.

5. SAME—CONDUCT OF COUNSEL.

   Where the prosecutor, in his opening, said to the jury that it would be shown that, after shooting the others, defendant attempted to take "his own worthless life," and, on objection, the court stated that the word "worthless" was improper and ordered it stricken, and of it the prosecutor later said, "I submit that was corrected at the time and stricken from the record, and I duly apologized for it, and I am sorry that I made it," the incident does not constitute reversible error.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted January 26, 1923. (Docket No. 134.) Decided March 23, 1923.

On participation in a judicial capacity in other proceedings against accused as disqualifying judge to preside at trial, see note in 45 L. R. A. (N. S.) 525.

Walter Lincourt was convicted of an assault with intent to kill and murder, and sentenced to imprisonment for life in the State prison at Marquette. Affirmed.

*Wicker & Quaine,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Lester S. Moll,* Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant's wife left him against his will and accepted employment as a waitress in a restaurant in Detroit. She was a friend and companion of the head waitress, Lena Belle Collins. Defendant was jealous. Being troubled by reports of misconduct of his wife and of her associating with Mrs. Collins, he sought an interview at the restaurant. When refused he left, returned shortly with a pistol, entered the restaurant, shot but did not kill Mrs. Collins, shot and killed his wife, and attempted suicide.

In a trial for murder of his wife he was acquitted, the defense being insanity. For shooting Mrs. Collins, he was charged with and convicted of assault with intent to kill and murder. There was a like defense. Judgment was entered. Defendant brings error. No serious question is presented.

Judge Heston sat in the trial of defendant on the charge of murder. At the opening of the instant trial defendant's counsel objected to Judge Heston's sitting "on account of the remarks alleged to have been made by Your Honor to the jury after the last acquittal and printed in the several newspapers of the city." The objection was overruled. For having sat in the former trial, the judge was not disqualified. See *People* v. *Ferrise,* 219 Mich. 471. It is said that a reading of the record will indicate prejudice on the part of the judge. We do not so find. The record

shows commendable fairness and impartiality on his part.

It is urged that in this trial the court erred in receiving testimony that defendant after shooting Mrs. Collins also shot his wife. It was properly received as a part of the *res gestæ* and to characterize the act charged. And defendant contends that proper instruction was not given relative to the consideration of such testimony. But the jury was instructed:

"Now, gentlemen of the jury, we are trying this defendant for assault with intent to kill and murder Lena Belle Collins on June 5th, and that is the only charge preferred against him here. You are to determine that one question, and that question alone."

The contention is therefore without merit.

In opening, the prosecuting attorney said it would be shown that defendant after shooting the others attempted to take "his own worthless life." Objection being made, the court stated that the word "worthless" was improper and ordered it stricken. Of the remark the prosecuting attorney later said: "I submit that was corrected at the time and stricken from the record, and I duly apologized for it, and I am sorry that I made it." The incident does not constitute reversible error.

We have considered the other questions raised. No reversible error appears.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.