PEOPLE *v.* CYGAN.

1. CRIMINAL LAW—EVIDENCE ADMISSIBLE AS PART OF RES GESTÆ.
   In a prosecution for assault with intent to kill and murder
   defendant's mother-in-law, the admission, as part of the
   *res gestæ,* of testimony as to the nature of injuries sus-
   tained by one M., who was shot by defendant at the same
   time, *held,* not reversible error, in view of the instructions
   of the court that the jury were not to be influenced by
   the fact that M. was shot or that defendant had a feeling
   of ill-will towards him.[1]

2. SAME—TRIAL—ARGUMENT OF COUNSEL—INFERENCES.
   Where, at the time of the commission of the offense
   charged, defendant shot and killed his wife, and also shot
   and wounded a man of whom he was jealous, counsel for
   the prosecution had a right, in his closing argument and
   largely in answer to argument of defendant's counsel, to
   place before the jury his claim as to the fair inference to
   be drawn from what occurred at the time of the shooting
   as to the intent with which the several shots were fired,
   and particularly in view of defendant's testimony that
   "the mother was really the cause" of his trouble with
   his wife.[2]

3. SAME—TRIAL—APPEAL AND ERROR.
   There was no error in the refusal of a request to charge
   that if the bullet which struck the mother was intended
   for the wife, the jury should acquit defendant, where
   said request was fully covered by the charge as given.[3]

4. SAME—DEFENSES — TEMPORARY INSANITY — RES JUDICATA—ES-
   TOPPEL.
   That defendant, in the trial for the murder of his wife,
   pleaded temporary insanity as a defense, and was ac-
   quitted in a general verdict, is not binding on the prosecu-
   tion in this case, on the question of his sanity, although
   the offense was committed at the same time, since the
   subject-matter is different.[4]

[1]Criminal Law, 16 C. J. § 1115; [2]Id., 16 C. J. § 2240; [3]Id., 16
C. J. § 2506; [4]Judgments, 34 C. J. § 1386.

Exceptions before judgment from Wayne; Dingeman (Harry J.), J.    Submitted October 16, 1924. (Docket No. 174.)    Decided December 10, 1924.    Rehearing denied April 3, 1925.

Peter Cygan was convicted of an assault with intent to kill and murder.    Affirmed.

*Willard & Czarnecki* (*Daskam, Fox & Reid*, of counsel), for appellant.

*Andrew B. Dougherty*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *Frank B. Ferguson*, Assistant Prosecuting Attorney, for the people.

SHARPE, J.    Defendant reviews on exceptions before sentence his conviction of the crime of assault with intent to kill and murder one Mary Frelick.    Dissension and strife between defendant and his wife, Bernice, caused their separation about April 1, 1922. His suspicion that his wife was unduly intimate with a man named Andrew Mazurek caused him to spy upon her movements.    On the night of April 9th, he saw her and Mazurek and her mother, Mrs. Frelick, and a neighbor, Mrs. Dombrowski, walking from the latter's home to the apartment occupied by his wife and her mother.    Mrs. Frelick stopped at the gate a few moments to talk with Mrs. Dombrowski.    The others went upstairs.    When Mrs. Frelick followed and had entered the living room, defendant, who had gone up the back stairs, burst into the room and began shooting.    He killed his wife and seriously injured both Mrs. Frelick and Mazurek.    He was tried on the charge of murdering his wife, and acquitted. The charge on which he was here tried and convicted was then preferred against him.    The errors assigned will be considered in the order discussed by counsel.

1. Objection was made to a witness detailing the nature of the injuries sustained by Mazurek.    What

occurred at the time of the shooting was a part of the *res gestæ* and properly admitted. The jury were carefully instructed that they were not to be influenced by the fact that Mazurek was shot or that defendant had a feeling of ill-will towards him. There was no reversible error in admitting this testimony.

2. Error is assigned upon the closing argument of counsel for the prosecution. That which was said was in most part apparently in answer to the argument of defendant's counsel. The shooting of the three occurred at the same time and place, and counsel had the right to place before the jury his claim of the fair inference to be drawn from what there occurred as to the intent with which the several shots were fired, particularly in view of the testimony of defendant that "the mother was really the cause of my trouble with Bernice."

3. The following request was preferred:

"I charge you that if from the evidence you find that the bullet that struck the complaining witness, Mary Frelick, was fired or meant to be fired at respondent's wife, Bernice Cygan, to acquit him, the respondent."

The charge as given so fully and fairly covered this request, as appears from the following quotations from it, that error may not be predicated on its refusal:

"The prosecution is bound to prove, not only the assault, but the intent as well; not only that the defendant struck the complaining witness, but must show beyond a reasonable doubt that he so struck her fully intending to murder her."

"The fact that defendant committed the assault as claimed by the prosecution does not in any way raise a presumption that he intended to murder, and unless you are morally satisfied beyond a reasonable doubt that he fully intended to murder the complaining witness, you should acquit him."

4. The other assignments discussed involve the claim of defendant that he was acquitted of the murder of his wife "on the grounds of temporary insanity," and, having been found to be so at that time, the prosecution is estopped from urging that he was not so on this trial.    The record in *People* v. *Lincourt*, 221 Mich. 674, presented similar facts, but the point here relied on was not there urged or considered.

The testimony introduced in the murder case is not included in the record.    The charge of the court in that case appears in full.    It covered very fully all of the elements which the people must establish to have justified the defendant's conviction.    At the close of the people's testimony in this case, counsel for the prosecution at the request of defendant's counsel made a statement relative to the defense of insanity having been raised in the murder case.    He said:

"It appears in this case that upon the former trial the circuit court for the county of Wayne before Judge Arthur Webster this defendant was tried on the charge of murder; that was a general plea entered of not guilty; that there was interposed in the trial of the cause the question of the sanity of the defendant, Peter Cygan, who is on trial in this case, and that the subject-matter covered in this case is identical with the subject-matter in the case of people against Cygan in the murder trial held before Judge Arthur Webster."

We are unable to understand what counsel meant by the "subject-matter."    At that time no proof had been offered as to the state of defendant's mind at the time the shots were fired.    It can but refer in a general way to the proofs submitted by the prosecution.    In the people's brief it is said: "There is no identity of subject-matter, neither is there identity of parties."    The subject-matter, that which was being litigated in the other case, was the death of the wife, and whether it was caused by the defendant under such circumstances as to render him guilty of

her murder. That here presented is an assault made by him upon his mother-in-law with intent to kill and murder her. It does appear, however, that the defense of temporary insanity was raised in that case, and that defendant was acquitted. The verdict was a general one. The fact that the shots were fired in quick succession and that some of them struck and killed defendant's wife and others struck and injured the complaining witness does not render his acquittal on the charge of murdering his wife a bar to this prosecution. It must here appear, as stated by the trial court, that the shots which injured the complaining witness were fired with the intent to kill and murder her. A somewhat similar state of facts was presented in *People* v. *Ochotski*, 115 Mich. 601, and it was there pointed out that "it was not the same blow, even, which caused the injury to the two, but different blows. It was the same transaction, but not the same volition."

An examination of the record and briefs in *Hotema* v. *United States*, 186 U. S. 413 (22 Sup. Ct. 895), will show that identically the same question was there presented. By special plea to the indictment the defendant averred that three indictments were filed against him at the same time charging him with the crime of murder of three different persons; that two of them were consolidated and tried together and resulted in a verdict of not guilty; that the only defense offered on such trial was a plea of insanity; he admitted the killing, but affirmed that at the time thereof "he was suffering from such a diseased condition of the brain as that he did not have the mental capacity to commit murder;" that the only issue made in the case was whether he was sane or insane at the time he killed the three persons; that the three persons were charged to have been killed on the same day, but at different places, and "that on said trial every

circumstance connected with the killing charged in this case was proved on the other trial." A demurrer to this plea was sustained, and error alleged thereon. The plea was held to be "wholly without merit."

The exceptions are overruled and the trial court directed to proceed to sentence.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.