THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO DE JESÚS, Defendant and Appellant.

Nos. 10927 and 10928. Argued February 8, 1946.—Decided April 24, 1946.

A. L. López and Federico E. Virella for appellant.  E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General, and J. Rivera Barreras for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

These two cases were tried jointly in the lower court and brought to this court on appeal in the same manner, for which reason we shall dispose of them in one opinion. The facts are as follows:

The appellant was convicted by the District Court of Caguas, on appeal from the municipal court, of two offenses of aggravated assault and battery in that he inflicted several serious wounds on Julio and Francisco Torres with a knife eight inches long. He alleges herein that the lower court erred in both cases in dismissing a plea of former jeopardy based on the fact that he had been acquitted of the crime of riot in connection with those same facts; in dismissing a motion of *res judicata*; in deciding that the wounds inflicted were serious; in finding the defendant guilty according to the evidence introduced and, lastly, that the court acted with passion, prejudice, and partiality.

As to the first assignment of error, the appellant asserts that he was put in former jeopardy for the same facts

inasmuch as a complaint was filed against him and other persons in the Municipal Court of Caguas for the crime of riot and they were all acquitted. He urges that the offense of assault and battery is necessarily embraced in the crime of riot.

The error assigned is nonexistent. In *People v. Vázquez*, 9 P.R.R. 488, citing from the syllabus, we held that ". . . one and the same person may take part in a riot and during the riot commit the crime of assault and battery without the latter being included in the former." And in *People v. Noel*, 29 P.R.R. 590, the same rule was upheld and it was decided that "When the battery was not the act which provoked the breach of peace, which distinguishes this case from *People v. Veve*, 24 P.R.R. 458, but while the breach of peace was being committed by tumultuous conduct and the threat to wound A, the defendant assaulted B, the fact that she was acquitted of assault does not bar a prosecution for breach of peace, for there were two different crimes committed at the same time."

The evidence in the cases at bar shows that the defendant reached the place where other persons were fighting and upon seeing that his brother had been wounded he assaulted and injured the Torres brothers with a curved knife of about eight inches long. It was not the action of the defendant that caused the alleged riot but, if any took place, it was prior to appellant's intervention. Under these circumstances the offenses of assault and battery were entirely independent of the riot.

Even though it does not appear from the record or the transcript of the evidence that appellant raised in the lower court the plea of *res judicata,* on which the second assigment of error is based, as in the case of *People v. Lugo,* 64 P.R.R. 529, we shall consider it. In that case we stated that we did not have to answer, because it was not involved therein, "the question of whether the plea of *res judicata* could be successfully interposed as to *an issue of fact* already

litigated in a previous case when the second case against the same defendant involved an alleged crime of a different nature under a different statute.'' (Italics ours.)

. We are confronted here with the same situation. The only evidence presented in the lower court—as to the plea of former jeopardy—was the complaint and the judgment in the case of riot. We can not determine from said evidence which were the facts proved in the case of riot that gave rise to the judgment of acquittal. The appellant could have been acquitted in said case because the court considered that he took no part in said riot or because in fact it was not proved that he had caused a breach of the peace, which is one of the essential elements of the offense, or because of any other deficiency in the evidence.

The situation presented by these cases is similar to that in conspiracy cases where it has been held that where an acquittal of a charge of conspiracy may have been based upon a failure to convince the jury that the defendant conspired with others, and such acquittal did not necessarily involve a finding that the defendant did not commit the overt acts relied on in the conspiracy prosecution, the verdict does not, on the principle of *res judicata,* operate as a bar to a subsequent prosecution of the same defendant for a substantive offense based on the same overt acts. *U. S.* v. *Carlisi,* 32 F. Supp. 479 (D.C. 1940); *U. S.* v. *Halbrook,* 36 F. Supp. 345 (D.C. 1941); *Fall* v. *United States,* (1931) 60 App. D.C. 124, 49 F. (2d) 506 (cert. den. 283 U. S. 867).

It has been likewise held that an acquittal in a prosecution for a substantive offense does not, on the theory of *res judicata,* bar a subsequent prosecution for a conspiracy embracing such substantive offense as one of its elements, where the acquittal may have been on some ground not necessarily inconsistent with the defendant's guilt of the conspiracy. *Woodman* v. *United States,* (1929 C.C.A. 5th) 30 F. (2d)

482 (cert. den. 279 U. S. 855); *State* v. *Erwin,* 120 P. (2d) 285 (1941).

As we stated in *People* v. *Lugo, supra,* copying from 2 Freeman on Judgments, " ... the previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated... " The basis for this rule is that in order that the principle or *res judicata* be applicable in a criminal case, it must be shown that the issues in question were determined in the former prosecution. *People* v. *Cygan,* (1924) 229 Mich. 172, 200 N. W. 967. To this effect it was held in *Jay* v. *State,* (1916) 15 Ala. 255, 73 So. 137, that where it does not appear from the record whether certain material facts were presented and determined, evidence dehors the record may be introduced to prove the presentation and litigation of such facts in order to sustain plea of *res judicata.*

The conclusion we reached in *People* v. *Lugo, supra,* in applying the doctrine of *res judicata,* was precisely because we held that according to the nature of the offense charged the denial of the paternity by Lugo must have been necessarily raised, litigated, and disposed of in the former case. The cases at bar are not embraced within said rule and, therefore, we can not decide them under the same doctrine of *People* v. *Lugo,* as appellant contends.

The other assignments of error lack merit. It was proved that the wound sustained by Julio Torres in his head which caused the fracture of his skull was very serious and there is no doubt that the weapon used by the defendant, a knife eight inches long, is a deadly weapon. There is nothing in the record to justify the charge that the court acted with passion, prejudice, or partiality.

The judgments appealed from must be affirmed.