EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO DE JESÚS, acusado y apelante.

Núms. 10927 y 10928.—*Sometidos:* Febrero 8, 1946. *Resueltos:* Abril 24, 1946.

928

*A. L. López* y *Federico E. Virella,* abogados del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Estos dos casos fueron vistos conjuntamente en la corte inferior y sometidos a esta Corte en la misma forma y por tanto los resolveremos en una sola opinión. Los hechos son los siguientes:

El apelante fué convicto por la Corte de Distrito de Caguas, en apelación de la corte municipal, de dos delitos de

acometimiento y agresión grave por haber inferido varias heridas graves con una cuchilla de unas ocho pulgadas de largo a Julio y a Francisco Torres. En estos recursos alega que la corte inferior erró, en ambos casos, al declarar sin lugar una moción sobre exposición anterior por haber sido absuelto de un delito de motín en relación con los mismos hechos, al declarar sin lugar una moción sobre cosa juzgada que interpuso, al resolver que las heridas inferidas eran de carácter grave, al declarar al acusado culpable de acuerdo con la prueba y por último, que la corte actuó movida por pasión, prejuicio y parcialidad.

En cuanto al primer señalamiento sostiene el apelante que estuvo expuesto anteriormente por los mismos hechos debido a que fué denunciado, ante la Corte Municipal de Caguas, conjuntamente con otras personas, del delito de motín y todos fueron absueltos y arguye que el delito de acometimiento y agresión está necesariamente comprendido en el de motín.

No se cometió el error señalado. Resolvimos en el caso de *Pueblo* v. *Vázquez*, 9 D.P.R. 544, citando del sumario, que ". . . . una misma persona puede tomar parte en un motín, y cometer, durante él, el delito de acometimiento y agresión, sin hallarse el último comprendido en el primero." Y en el de *Pueblo* v. *Noel*, 29 D.P.R. 634, se sostuvo la misma regla y se resolvió que "Cuando la agresión no fué el acto provocador de la alteración de la paz, lo que distingue este caso del de *El Pueblo* v. *Veve*, 24 D.P.R. 486, sino que mientras ocurría ésta por medio de conducta tumultuosa y amenazas de herir a A, la acusada agredió a B, el hecho de ser absuelta la acusada por la agresión a B no impide que se la denuncie por alteración de la paz pública, pues se trata de distintos delitos cometidos en el mismo momento."

La prueba en los casos de autos demuestra que el acusado llegó al sitio donde otras personas estaban peleando y al ver que un hermano suyo había sido herido acometió y agredió

a los Torres con una cuchilla curva de unas ocho pulgadas de largo. No fué la intervención del acusado la causa del alegado motín sino que, si éste ocurrió fué con anterioridad a la intervención del apelante. Bajo estas circunstancias, los delitos de acometimiento y agresión fueron completamente independientes del motín.

■■ Aun cuando ni de los autos ni de la transcripción de evidencia aparece que el apelante planteara ante la corte inferior la defensa de cosa juzgada, motivo del segundo señalamiento, al igual que en el caso de *Pueblo* v. *Lugo,* 64 D.P.R. 554, la consideraremos. En dicho caso dijimos que no teníamos que resolver, por no estar envuelta en el mismo, "la cuestión de si la alegación de cosa juzgada podría interponerse con éxito en cuanto a *un punto de hecho* ya litigado en un caso anterior cuando el segundo caso contra el mismo acusado envuelve un alegado delito de diferente naturaleza bajo una ley distinta." (Bastardillas nuestras.)

Nos confrontamos con la misma situación en estos casos. La única prueba presentada ante la corte inferior—en cuanto a la defensa de exposición anterior—fué la denuncia y la sentencia en el caso de motín. No podemos determinar por dicha prueba cuáles fueron los hechos probados en el caso de motín que dieron lugar a la sentencia absolutoria. El apelante pudo haber sido absuelto en dicho caso porque la corte consideró que no intervino en el mismo o porque en realidad no se probó que hubo la alteración de la paz pública, que es uno de los elementos esenciales del delito, o por cualquier otra deficiencia de la prueba.

La situación que presentan estos casos se asemeja a la de los casos de conspiración en que se ha resuelto que cuando la absolución en una acusación por el delito de conspiración pudo haber estado basada en el hecho de no haberse convencido al jurado de que el acusado conspiró con otros, y tal absolución no envolvía necesariamente el hecho de que el acusado no cometió los actos ilegales (*overt acts*) base de la

acusación por conspiración, el veredicto no constituye, bajo la doctrina de *res judicata,* un impedimento a una acusación posterior contra el mismo acusado por un delito sustantivo basada en los mismos actos ilegales. *U. S.* v. *Carlisi* (1940, D. C.) 32 F. Supp. 479; *U. S.* v. *Halbrook* (1941 D. C.) 36 F. Supp. 345; *Fall* v. *United States* (1931) 60 App. D. C. 124, 49 F.2d 506 (*Cert. den.* 283 U. S. 867).

Asimismo se ha resuelto que una absolución en un proceso por un delito sustantivo no impide, bajo la teoría de *res judicata,* una acusación posterior por una conspiración que incluye tal delito sustantivo como uno de los elementos, cuando la absolución pudo haberse basado en un hecho no necesariamente inconsistente con la culpabilidad del acusado de la conspiración. *Woodman* v. *United States* (1929 C.C.A. 5th) 30 F.2d 482 (Cert. den. 279 U. S. 855); *State* v. *Erwin* (1941) 120 P.2d 285.

Como dijimos en el caso de *Pueblo* v. *Lugo,* supra, citando de 2 Freeman *on Judgments,* ". . . la sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se adjudicaron. . ." El fundamento de esta regla es que para que la doctrina de *res judicata* pueda ser aplicable en un caso criminal tiene que demostrarse que los hechos en controversia fueron resueltos en el proceso anterior. *People* v. *Cygan* (1924) 229 Mich. 172, 200 N. W. 967. A este efecto se sostuvo en el caso de *Jay* v. *State* (1916), 15 Ala. App. 255, 73 So. 137, que, para sostener la alegación de res judicata, cuando del récord no aparece si ciertos hechos materiales fueron presentados y determinados en el caso anterior, podría admitirse prueba adicional para demostrar que dichos hechos fueron presentados y litigados.

La conclusión a que llegamos en el caso de *Pueblo* v. *Lugo,* supra, al aplicar la doctrina de *res judicata* fué precisamente porque resolvimos que, de acuerdo con la naturaleza del delito imputado, la negativa de la paternidad por

Lugo tuvo·necesariamente que haber sido planteada, litigada y resuelta en el caso anterior. Los casos de autos no caen bajo dicha regla y no podemos, por tanto, resolverlos a base del caso de *Pueblo* v. *Lugo,* como pretende el apelante.

Los demás señalamientos carecen de méritos. Se probó que la herida recibida por Julio Torres en la cabeza que le ocasionó la fractura del cráneo era de carácter grave y no hay duda de que el arma usada por el acusado, una cuchilla de ocho pulgadas de largo es un arma mortífera. Nada encontramos en el récord que justifique la imputación de que la corte actuara movida por pasión, prejuicio o parcialidad.

*Deben confirmarse las sentencias apeladas.*