THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
AGUSTÍN ROSA QUIÑONES, Defendant and Appellant.

No. 13372.   Argued December 1, 1948.—Decided December 24, 1948.

*R. Arjona Siaca* and *A. Figueroa Rivera* for appellant.   *Luis
Negrón Fernández, Attorney General,* and *J. Rivera Barre-
ras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Agustín Rosa Quiñones was convicted, on appeal, by the
District Court of Mayagüez of the crime of illegal practice
of the medical profession.   He was sentenced to pay a fine
of $100 or to serve one day in jail for each dollar left un-
paid, not exceeding ninety days, plus costs.   He appealed and
assigns as the only error that the lower court erred in not
admitting the evidence offered by the defendant.

After the evidence for the prosecution had been intro-
duced, the defendant presented a motion of nonsuit which
was overruled.   When his first witness, Dr. Víctor Coll y
Cuchí, began to testify as to events which had taken
place in 1914 the district attorney objected.   The defendant

announced that he intended to prove that he had practiced medicine for five years prior to the enactment of Act No. 43 of June 7, 1919, to amend § 3 of "An Act to provide for the organization of a Board of Medical Examiners" approved March 12, 1903, as amended in March 9, 1911, the last proviso of which reads "that all duly authorized physicians practicing in Porto Rico for a period of five years prior to the approval of this Act, may continue to practice their profession without being subject to the foregoing provisions."

The prosecuting attorney objected to the introduction of any evidence by the defendant tending to prove that fact because it constituted res júdicata inasmuch as the same fact was brought to court and decided against defendant in *People* v. *Rosa*, 36 P.R.R. 223.

The defendant stated in the record what he intended to prove by Dr. Coll y Cuchí as well as by witnesses Attorney Antonio Quirós Santiago, Attorney Arturo Figarelli and Juan P. Martínez, that is, that appellant had practiced medicine since 1914, in different towns of the Island.

The court sustained the prosecuting attorney, did not admit the evidence (the only one offered by defendant) and entered the aforesaid judgment.

■ We have decided that "Judgments on criminal cases have the same effect for purposes of collateral estoppel, as in civil cases, namely, they are conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated therein." Syllabus 5, *People* v. *Lugo*, 64 P.R.R. 529. And in *People* v. *De Jesús* 65 P.R.R. 872, 877, we held that "in order that the principle of res judicata be applicable in a criminal case it must be shown that the issues in question were determined in the former prosecution."

■ The appellant admits that the facts which were considered proved in the former case, as set forth in the opinion, "are not subject to controversy; they have been duly established and constitute res judicata between both parties," but he argues that our decision in said former case

is erroneous because it held that the defendant should have proven "something that did not appear in the law" and insists that this Court legislated judicially when it said (on page 227):

". . . The purpose of the law is protection from the risk of inexperience in a profession of such vital importance to the community, limiting the proviso of section 3 to physician-surgeons who have been considered as such by their professional colleagues and by the public in general on account of their reputation and experience."

He further insists that it was in order to comply with the decision of the court rendered in the former case against defendant that he offered the evidence which was not admitted in the case at bar.

The isolated statement copied by appellant does not constitute the *ratio decidendi* of *People* v. *Rosa, supra*. Just as in the case of a law which, when being construed, should be considered as a whole and not an isolated section thereof, when interpreting the scope of an opinion of the court, the party should not cite an isolated statement, separate from the context of the paragraph of which it is a part; and when not even said paragraph, by itself, contains and expresses a complete thought and the reasoned interpretation of this Court. A mere examination of that opinion shows that such is the case herein. Furthermore, our decision in that case relied on and ratified the ruling in *People* v. *Cabrera*, 34 P.R.R. 449. It therefore could not constitute a surprise for the defendant inasmuch as according to the ruling in the *Cabrera* case he knew he had to bring full and convincing evidence for his defense. He failed to do so and now he proposes to litigate the same point again in the present case. He can not do it. The rule of res judicata does not permit him to do so. In the former case it was pleaded that the defendant was protected by the proviso of Act No. 43 of 1919, *supra*. The lower court and this Court held that the evidence did not warrant said defense and the defendant was

convicted and the judgment affirmed on its merits. The appellant herein has raised the same plea and sought to offer evidence in support thereof. The court did not err in not receiving it. *State* v. *Sargood*, 68 A. 51, 80 Vt. 412 (1907) ; *Com.* v. *Ellis*, 35 N. E. 773, 160 Mass. 165 (1893) ; *People* v. *Majado*, 22 Cal. App. 2d 333, 70 P. 2d 1015 (1937).

Judgment is affirmed.

Mr. Justice Negrón Fernández did not participate herein.