El Pueblo de Puerto Rico, demandante y apelado, *v.*
Agustín Rosa Quiñones, acusado y apelante.

Núm. 13372.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Diciembre 24, 1948.

*R. Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Agustín Rosa Quiñones fué convicto, en grado apelativo, por la Corte de Distrito de Mayagüez de un delito de ejercicio ilegal de la Medicina y sentenciado a pagar una multa de $100 ó a cumplir un día de cárcel por cada dólar que dejare de satisfacer, no excediendo de noventa días, más las costas. Apeló y en este recurso alega como único error el a su juicio cometido por la corte inferior al no admitir la evidencia propuesta por el acusado.

Después de haber terminado la prueba de cargo el acusado presentó una moción de *nonsuit* la cual fué declarada sin lugar. Al comenzar a declarar su primer testigo, el Dr. Víctor Coll y Cuchí, en cuanto a hechos ocurridos en el año 1914, el fiscal se opuso. El acusado anunció que se proponía demostrar que él había ejercido como médico durante cinco años con anterioridad a la aprobación de la Ley núm. 43, aprobada el 7 de junio de 1919 (pág. 195), para enmendar la sección 3 de una ley titulada "Ley proveyendo para la organización de una junta de médicos examinadores", aprobada el 12 de marzo de 1903 (pág. 124), tal y como quedó enmendada en el 9 de marzo de 1911 (pág. 260), cuyo último *disponiéndose* dice "que todos los médicos debidamente autorizados que hubieran ejercido en Puerto Rico por un período de cinco años con anterioridad a la aprobación de la presente Ley, podrán continuar en el ejercicio de la profesión sin que en nada les afecten las anteriores disposiciones."

El fiscal se opuso a la presentación de cualquier prueba por el acusado para demostrar ese hecho por constituir el

mismo cosa juzgada ya que ese hecho fué litigado y resuelto en contra del acusado en el caso de *Pueblo* v. *Rosa Quiñones*, 36 D.P.R. 250.

El acusado hizo constar en récord lo que se proponía probar, tanto con el Dr. Coll y Cuchí, como con los testigos Ledo. Antonio Quirós Santiago, Ledo. Arturo Figarelli y Juan P. Martínez, es decir, que el apelante había ejercido como médico, desde el año 1914, en distintos pueblos de la isla.

La corte sostuvo al fiscal, no admitió esa prueba (única ofrecida por el acusado) y dictó la sentencia antes mencionada.

■ Ya hemos resuelto que "a los fines del *estoppel* colateral las sentencias en causas criminales tienen el mismo efecto que en los casos civiles, a saber, que son concluyentes sólo en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se adjudicaron por ellas." Sumario 5, *Pueblo* v. *Lugo,* 64 D.P.R. 554. Y en el de *Pueblo* v. *De Jesús,* 65 D.P.R. 927, 931, resolvimos que "para que la doctrina de *res judicata* pueda ser aplicable en un caso criminal tiene que demostrarse que los hechos en controversia fueron resueltos en el proceso anterior."

■■ El apelante admite que los hechos que en el caso anterior se consideraron probados, según aparecen expuestos en la opinión, "No están abiertos a controversia, están ya debidamente establecidos, constituyen cosa juzgada entre ambas partes", pero arguye que nuestra decisión en dicho caso anterior es errónea por haberse resuelto que el acusado debió haber probado "algo que no aparecía en la ley", e insiste en que este Tribunal legisló judicialmente al decir (a la pág. 254) que:

". . . El propósito de la ley es de protección contra los riesgos de la impericia en una profesión de tan vital importancia en la vida de relación, limitando el disponiéndose de la sección 3 a los médicos-cirujanos que por su reputación y experiencia han sido considerados como tales por sus colegas de profesión y por el público en general."

Arguye, además, que para cumplir con lo que judicialmente exigimos en el primer caso resuelto en su contra, es que ofreció la prueba que no fué admitida en el caso de autos.

La oración aislada citada por el apelante, no constituye el *ratio decidendi* del caso de *Pueblo* v. *Rosa Quiñones,* supra. En igual forma que al interpretar una ley se debe tomar en consideración la misma en su totalidad, y no un artículo aislado, al considerar el alcance de una opinión judicial no debe citarse una oración aislada, fuera del contexto del párrafo de que forma parte y cuando ni aún dicho párrafo, por sí solo, contiene y expresa el pensamiento completo y la interpretación razonada de este Tribunal. Basta una lectura de dicha opinión para darse cuenta de esto. Es más, nuestra decisión en dicho caso, se basó, y ratificó lo ya resuelto, en el de *Pueblo* v. *Cabrera y Rincón,* 34 D.P.R. 470. No podía constituir, por tanto, una sorpresa para el acusado, ya que por lo resuelto en el caso de *Cabrera y Rincón* debía saber que tenía que presentar una robusta y convincente prueba para que su defensa prosperara. No lo hizo entonces y pretende ahora litigar de nuevo el mismo hecho en el presente caso. No puede hacerlo. Se lo impide la regla de cosa juzgada. En el primer caso se suscitó como defensa el hecho de que al acusado lo amparaba el disponiéndose de la Ley 43 de 1919, supra. La corte inferior y este Tribunal resolvieron que la prueba no justificaba esa defensa y el acusado fué convicto y su sentencia confirmada en los méritos. El apelante en el presente caso suscitó la misma defensa y pretendió presentar prueba para sostenerla. No erró la corte al no admitirla. *State* v. *Sargood,* 68 A. 51, 80 Vt. 412 (1907); *Commonwealth* v. *Ellis,* 35 N. E. 773, 160 Mass. 165 (1893); *People* v. *Majado,* 22 C.A.2d 323, 70 P.2d 1015 (1937).

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. Negrón Fernández no intervino.